THE HOUSTON WATER WORKS COMPANY V. JONATHAN HARRIS.

No. 234.

1. **Jury—Challenge for Cause.**—Following decisions of the Court of Appeals, it is held, that previous service by a juror for one week during the same term of the court at which he is again offered as a juror, is not a good ground of challenge for cause. Associate Justice PLEASANTS, if it were an entirely new question, would be disposed to hold otherwise.

2. **Argument of Counsel.**—Counsel, in his closing speech to the jury, was, unrebuked, allowed to say: "Counsel for defendant tells you that I may try to prejudice you. I have not told you of the great privileges the city has given to it; I have not said anything about its not having an effective hydrant in this whole city; I have not told you that this corporation has a place up here on the street where it retails water by the barrel," etc. Being excepted to, and considered along with the third assignment, which complains that the verdict was against the weight of the evidence, a new trial should have been granted.

APPEAL from Harris.    Tried below before Hon. JAMES MASTERSON.

*E. P. Hamblen*, for appellant.—As to improper argument of counsel: Railway v. Kutac, 72 Texas, 653; Moss v. Sanger Bros., 75 Texas, 323.

*W. P. Hamblen*, for appellee.

PLEASANTS, ASSOCIATE JUSTICE.—On the 20th day of November, 1890, appellee brought suit against appellant for the recovery of damages upon an alleged breach of contract.    The petition averred, that plaintiff contracted with J. C. League, on the 8th of April, 1890, to sink for him, in the city of Houston, an artesian well, and that on the 10th of said month appellant undertook and agreed to furnish plaintiff with a continuous flow of water to enable him to sink said well for said League; that appellant failed to supply a continuous flow of water, as it had agreed and promised to do, and that by reason thereof plaintiff's pipes became fastened in the well, and he had to abandon the work; that he again at-

tempted to sink said well in another place, and that he again failed in the effort to sink the well, and that his failure resulted from appellant's breach of contract to supply him with a continuous flow of water, such flow being necessary to prevent the pipes becoming fastened in the bore.   That by the failure of appellant to comply with its agreement aforesaid, plaintiff was compelled to employ his machinery and the labor necessary to operate it from April 9 to September 6, 1890, and that he lost a great quantity of piping, and $1000 in profits, and that his entire damages and losses aggregated $7479.

Defendant, the appellant, denied the allegations of plaintiff's petition, and averred, that plaintiff well knew the capacity of defendant's water main, and made the connection himself and selected the size of the pipe he used, and if the pipe selected was not sufficient, plaintiff should have put in a larger one; that defendant had nothing to do with the selection of the pipe used by plaintiff; and charged that plaintiff had furnished him a full supply of water, and that his failure to sink the well resulted from his incapacity or the inefficiency of his machinery.   The answer further alleged, that more than two months after plaintiff had been engaged in sinking said well and using defendant's water, plaintiff and defendant had a settlement of all matters growing out of defendant's contract to supply water to plaintiff, and plaintiff gave defendant his due bill for $75 in payment of water furnished to date of settlement.

After the institution of this suit the appellant sued appellee in the County Court of Harris County on his due bill, executed as aforesaid in payment of water furnished to its date, and upon an account for water subsequently furnished him.

Appellee defended that suit, and set up in his answer, as appellant charges, the same allegations as those upon which he basis his cause of action in this suit; and the judgment rendered in said County Court upon final trial therein, appellant plead in bar of this suit.   Appellee recovered judgment for $200.

Appellant makes three assignments of error.   The first of these is, in substance, that the court compelled him to accept, after his peremptory challenges had been exhausted, a juror not acceptable to him, and whom he had challenged for cause.   The juror was one of the jury selected by the jury commissioners to serve for one or more of the weeks of the January term of the court, and was, with others who had also been selected by said Commissioners for the first or subsequent weeks of the term, regularly impanelled and sworn to serve for the week in which this cause was tried.   This and the other five jurors peremptorily challenged by appellent had each served eighteen days during the term.

The question presented in this assignment is one which seems never to have been directly decided by our Supreme Court.   At least counsel have not cited any such decision, and we do not recall any.   But the Court of

Appeals have in several cases held that the service of a juror for one week during a term of the court is not a cause for challenge, when the person who has so served is presented as a juror at a subsequent time during the same term of the court. Myers v. The State, 7 Texas Ct. App., 640; Tuttle v. The State, 6 Texas Ct. App., 556; Garcia v. The State, 5 Texas Ct. App., 337; and Welsh v. The State, 3 Texas Ct. App., 414.

The first three of the above cases cited were capital cases. The last, Welsh v. The State, was a case of theft of cattle, and in that case the question presented in the defendant's bill of exceptions was, did previous service upon the jury in the County Court for a less time than one week constitute a cause of challenge to such person, when presented as a juror in the District Court within three months after his service in the County Court. The court from which the appeal came held, that such service as a juror must be, to constitute it a cause for challenge, for a full week, and the Court of Appeals held the ruling of the lower court to be correct; and the judge delivering the opinion said, that the court were of opinion that the word " preceding," in the act under consideration, refers to the term of the court at which the question arises. The question presented by the bill of exceptions did not require any expression from the court as to the meaning of the term " preceding." But in each of the succeeding cases cited above, the Court of Appeals refers to the decision in Welsh v. The State as having determined that the preceding service referred to in the act applies only to service rendered previous to the commencement of the term of the court at which the question arises, and that a previous service for one week during the then term of the court in which the question arises, is not cause of challenge.

In the case of Howard Oil Company v. Davis, 76 Texas, 630, the appellant was compelled, over his protest, after his challenges had been exhausted, to accept a juror who had served a week during that term of the court, and in that court at and in which the case was tried. But the question presented upon the appeal was not the precise one presented here. With the decisions of the cases cited, sustaining the ruling of the lower court, we can not say that there was error in its refusal to allow appellant's challenge. But in the absence of the authorities cited, the writer should be disposed to hold, that a week of previous service as a juror, during the same term of the court as that in which the question arises, is a disqualification, and necessarily a good cause for challenge.

The appellant's second and third assignments will be considered together. The second contains the following quotations from defendant's bill of exceptions taken upon the trial of the cause: " Counsel for defendant tells you that I may try to prejudice you. I have not told you of the great privileges the city has given to it; I have not said anything about its not having an effective hydrant in this whole city; I have not told you that this corporation has a place up here on the street where it retails

water by the barrel." Here counsel for defendant excepted to the argument used by plaintiff's attorney, when the latter counsel, continuing his speech, remarked, "That if his remarks were excepted to, he would not pursue the subject further; he said he knew that it was a tender spot he had touched, and that there were many other sore spots; some he had not referred to were very tender spots; that he had expected the galled jade to wince when its withers were sore." This language was used in the closing speech of plaintiff's counsel, and it was the plain duty of the judge presiding, when appealed to by defendant's counsel, to have reprimanded counsel for its use, and to have instructed the jury to disregard his inflammatory appeal to their prejudices.

The third assignment is, that the court should have granted defendant a new trial because the verdict and judgment are against the weight of the evidence. We refrain from expressing an opinion as to the preponderance of the evidence, but we are of the opinion that the evidence for the defendant, considered with reference to the appeal made by counsel for the appellee to the jury in his closing argument, most clearly entitled appellant to a new trial; and for the error of the court in refusing to award a new trial, the cause is reversed and remanded.

*Reversed and remanded.*

Delivered June 1, 1893.