St. Louis Southwestern Railway Company of Texas v.
Sarah E. Matthews et al.

Decided January 20, 1904.

**1.—Negligence—Injury to Person on Track.**

Evidence considered, and held to support a finding of negligence on the
part of defendant railway and due care on part of deceased, in the case of
one run down and killed where several railroads crossed, involving conflict-
ing evidence as to rapid running, failure to stop or to give signals for cross-
ing, absence of headlight, and obstructed view, and the effect of distraction
of the attention of deceased by the presence of several engines and trains
on the various tracks.

**2.—Discovered Peril—Charge—Invited Error.**

A judgment will not be reversed because of the submission of the issue
of negligence arising on discovery of the dangerous situation of one guilty
of contributory negligence without sufficient evidence to raise that issue,
where the defendant requested a charge involving a submission of the same
issue.

**3.—Same.**

The rule as to waiver of error in submitting an issue not raised by the
evidence by requesting a charge upon it, will not apply to an instruction,
apparently asked after the court's charge was given, but will where nothing
indicates whether the charge was asked before or after that of the court.

**4.—Railway Crossing—Failure to Stop.**

The statute requiring trains to be stopped before crossing another rail-
way (Rev. Stats., art. 4507) applies as well to the case of injury to pedes-
trians at such crossing as to collision between trains; and failure to comply
is negligence in law.

**5.—Charge—Undue Repetition.**

A correct charge may be properly refused when it will unduly empha-
size the issue by repetition of instructions already given.

**6.—Contributory Negligence.**

The fact that the injured party discovered the approaching train can
not be made conclusive as to his contributory negligence by the charge,
regardless of the rate of speed or the manner in which the train was run.

**7.—Discovered Peril—Charge.**

An instruction to find for defendant if the injured party went on the
track in such close proximity to an approaching train that it could not be
stopped in time to avoid striking him, was not affirmative error, nor equiva-
lent to requiring every possible means of avoidance regardless of conse-
quences.

Appeal from the District Court of McLennan. Tried below before
Ben. G. Kendall, Esq., Special Judge.

The railway company appeals from a recovery by plaintiff in a suit
against it by Matthews.

*E. B. Perkins* and *Clark & Bolinger,* for appellee.

*A. C. Prendergast,* for appellee.

STREETMAN, Associate Justice.—Appellees recovered judgment
against appellant on account of the death of their father, who was run
over and killed by an engine on appellant's track in the city of Waco,
on the east side of the Brazos River.

The first assignment of error is to the effect that the judgment should

have been for the defendant, because the undisputed evidence showed that J. M. Matthews, the deceased, was killed on account of his own contributory negligence.

The evidence showed that the accident occurred between 8 and 9 o'clock at night. The tracks of four different railroads converge and cross at a point which is claimed by appellees to have been in a public street of the city of Waco. The Houston & Texas Central Railroad runs approximately north and south at this point. The track of the Missouri, Kansas & Texas Railway Company runs east and west and crosses the Houston & Texas Central track about at a right angle. The track of the appellant also runs east and west and crosses the track of the Houston & Texas Central Railroad some eight or ten feet north of the Missouri, Kansas & Texas track. The track of the International & Great Northern Railroad approaches this point from a southeasterly direction, crosses the Missouri, Kansas & Texas track a short distance east of the Houston & Texas Central crossing, and there unites with the track of appellant and crosses the Houston & Texas Central track upon appellant's track. It appears that both east and west of the place where appellant's track crosses the Houston & Texas Central road it curves considerably to the north. It is also shown that east of the Houston & Texas Central crossing there is a fence so constructed with reference to appellant's track as to intercept the view of a train approaching from the east until within a short distance of said Houston & Texas Central crossing.

The deceased appears to have been struck and killed some twelve or fifteen feet west of the Houston & Texas Central crossing. The train which struck him consisted of a switch engine, pulling a freight train consisting of a number of cars. The engine was backing, but was in front of the train. The tender was in such a position and so constructed as to prevent the engineer and fireman from seeing down the track in the direction in which they were going. There were two employes on the footboard of the engine in front. There is a conflict of testimony as to whether there was a headlight burning in front of said tender, so as to be seen by a person in front of said train.

It was alleged by appellees, and there is evidence tending to show, that the train was being run at an excessive rate of speed and that it failed to stop, as provided by law, for the railroad crossing, or to give the statutory signals for said crossing. The evidence of the plaintiffs tends to show that the trains of the International & Great Northern Railroad were in the habit of stopping at this crossing and receiving and discharging passengers; and that the purpose of the deceased in going to that place was to board the International & Great Northern train when it stopped on the west side of the Houston & Texas Central crossing, and become a passenger on said train. A witness for the plaintiffs testified that the deceased, just before the accident, came from the direction of the Missouri, Kansas & Texas track, traveling north towards appellant's track and some few feet west of the Houston &

Texas Central crossing. That a train was at that time just going east on the Missouri, Kansas & Texas track; that a switch engine was also on a spur track of the Missouri, Kansas & Texas a short distance south of the deceased and rather behind him, just pulling out on to the main track of the Missouri, Kansas & Texas.

It was also shown that there was just in front of the deceased, and not very far from him, an engine on the track of the Houston & Texas Central burning a bright headlight, which shone towards the deceased. The evidence tends to show that while in this situation, and just as deceased stepped upon the track of the appellant, the appellant's train came from the east running at a high rate of speed, and having failed to stop for said crossing, and having failed to give the statutory signals for said crossing, struck and killed the deceased a few feet west of said crossing.

The evidence, it is true, is conflicting upon nearly every one of these issues, but there is abundant evidence in the record to sustain the theory above stated. There is also much evidence in the record which tends strongly to show that the deceased was intoxicated at the time he was killed. On the contrary, however, there is positive evidence that the deceased was sober at the time of the accident, or a very few minutes before.

Under this evidence we are unable to say that the verdict of the jury finding the deceased free from contributory negligence is unwarranted by the evidence. There was evidence tending to show that the place where the accident occurred was in a public street of the city of Waco, and whether this was true or not, there was evidence to show that the place was one which was commonly used by the public as a footpath. Under the evidence it is clear that the deceased was not a trespasser and was not guilty of contributory negligence by reason of his presence at said place. This being true, we think it is further clear that his failure to discover the train and avoid his injuries, under the circumstances stated, can not be held to be contributory negligence, as a matter of law. There was much to divert his attention and prevent him from discovering the near approach of the train which killed him. The train of the Missouri, Kansas & Texas running immediately behind him, and the switch engine of that road also in that direction, the engine on the Houston & Texas Central track in front of him with its brilliant headlight tending to blind him, coupled with the fact that the view of the approaching train was obstructed, and with the further fact that said approaching train was running at an unusual rate of speed and without giving the statutory signals, and without having stopped for the railroad crossing, as required by law, all taken together, we think, clearly warranted the finding of the jury to the effect that an ordinarily prudent person might have conducted himself as the deceased is shown to have done; and that he was, therefore, not guilty of contributory negligence.

Appellant's third assignment of error complains because the court submitted to the jury the issue of discovered peril, insisting that there

was no evidence to warrant the submission of this issue to the jury. We find, however, appellant among other special charges requested the following: "In the event you find the said Matthews was guilty of contributory negligence, as hereinabove defined, and the burden of proof is on the plaintiff to show that he was not guilty of contributory negligence, you are instructed to find a verdict for the defendant, unless you should find from the testimony under instructions hereinbefore given you that the said Matthews had got on the defendant's track in the way of its approaching train the agents and operatives of the defendant said train with notice and knowledge of the peril of the said Matthews were able to, by the means at their command, avoid the injuries of the said Matthews, and although able to prevent them failed to do so."

Some words appear to have been omitted, either in this charge or the copy of it contained in the record; but, as above set out, we think it clearly suggested to the court the issue of discovered peril and was a request to charge upon said issue, which would prevent the appellant from insisting in this court that no charge upon said issue should have been given.

The appellant also requested special instruction number 5, which was a more elaborate charge upon this subject, which was given by the court, and which contains a reference to a paragraph of the court's general charge indicating that it was prepared and requested after the court's general charge had been read to the jury; and might, therefore, fall within the rule, indicated in the case of ———. The first charge above set out, however, does not indicate whether it was requested before or after the court's general charge was read to the jury, and therefore clearly falls within the rule announced in Railway Co. v. Sein, 89 Texas, 65.

It is insisted in the fourth assignment of error that the court erred in instructing the jury that a failure to stop the train and to give the signals for the Houston & Texas Central crossing, as required by article 4507 of the Revised Statutes, was negligence per se. The contention of appellant is that this provision of the statute was made only to prevent collisions between trains, and not for the protection of pedestrians who might be on such crossings. We are unable to agree with this contention. The statute provides that the trains shall be stopped and the signals given; and further provides that "a corporation operating such railway shall be liable for all damages which shall be sustained by any person by reason of such neglect."

It does not seem at all improbable that the Legislature contemplated not only that trains would likely be at such crossings, but also that persons might be at such places, either engaged in the operation of such trains, or upon business with the railroad company; and that it was their purpose not only to prevent collisions between trains, but also to protect persons who might be lawfully at such places. Such seems to be the plain language of the statute.

The appellant requested the following special instruction, which was refused by the court: "It was wholly immaterial how or in what manner the defendant's train was being run, or the speed at which it was being run, if you believe from the evidence that the deceased Matthews knew of the approach of the defendant's train, or if by the exercise of ordinary care and prudence on his part he could have discovered said train at the time he entered on defendant's track; but owing to being intoxicated he failed to discover said train, or discovering it failed to use ordinary care to avoid danger to himself, and thus contributed to his injury, then you will find for the defendant, regardless of whether defendant's agents were guilty of negligence."

We do not think it was error to refuse the charge requested. The court in its general charge, and also in the special charge given at the request of the defendant, had already charged upon the effect of the intoxication of the deceased. To have given this charge would have had the effect of unduly emphasizing this issue. In addition to this, we do not think that the first clause of the charge correctly states the law applicable to the facts of this case. It asserts that if the deceased knew of the approach of the defendant's train, that it was wholly immaterial how or in what manner the defendant's train was being run, or the speed at which it was being run. If the issue of discovered peril was in the case, this charge was clearly improper, because it would eliminate that issue. But, even conceding that the evidence was not sufficient to raise that issue, we do not believe that the bare fact that the deceased knew that a train of appellant was approaching would make him guilty of contributory negligence, regardless of the rate of speed or the manner in which said train was being run. We are, of course, aware of the cases which hold that it is contributory negligence for a person to enter upon the track of a railroad, in plain view of a rapidly approaching train, but the charge does not submit this proposition. For instance, it may have been that the deceased, as did some of his witnesses, heard the whistle of this train at a wagon road crossing some distance from the railroad crossing, and thus knew that a train was approaching. On account of the obstructions, however, he could not see it, and may have had no reason to suppose that it was so close to him that he could not safely attempt to cross the track before it reached the Houston & Texas Central crossing. If he had known in this manner of the approach of the train, but not seeing it, and supposing that it would stop for the crossing and give the signals required by law, and run at a lawful rate of speed, thought that he could safely cross the track before there would be any probability of the train reaching that point, we do not believe that it would be contributory negligence, as a matter of law, for him to attempt to do so; and yet, this is the proposition which is in substance implied in the paragraph of the charge above quoted.

The sixth assignment of error complains of the manner in which the court submitted the issue of discovered peril. An examination of the

court's charge discloses that it is not subject to the objections urged against it. Appellant urges that this charge instructed the jury that they could not find for defendant on this issue, unless every possible means, regardless of the consequences of so doing, was exerted to stop said train before the collision. It is true that the court in the fourth paragraph of its charge did instruct the jury that if the deceased went upon the track in such close proximity to said train that the same could not be stopped in time to avoid the injury, and that he thus came into collision with the engine and was killed, to find for the defendant.

This is a correct statement of the law, and does not misdirect the jury. It is true that the defendant might have been entitled to a more liberal statement of the law. The court, however, does not instruct the jury that they will find for the plaintiffs, unless everything possible was done, regardless of consequences, to stop said train. On the contrary, the only paragraph of the charge which authorizes a recovery by appellees on the theory of discovered peril is as follows: "If you further believe that after such discovery and knowledge on the part of defendant's servants and employes in charge of said engine and train of the peril to which the deceased was exposed, they, the parties in charge of said engine and train, failed to exercise and use every means within their power, consistent with the safety of the engine and train and themselves, to avoid striking the said James Matthews, and you further believe that if they had used and exercised such means, the injury would have been avoided, then and in such event you will find for plaintiffs."

In our opinion, this paragraph of the charge clearly corrects any misapprehension which might have arisen from the language used in the fourth paragraph.

Having considered all of the assignments, and finding no error, the judgment is therefore affirmed.

*Affirmed.*

Writ of error was refused by the Supreme Court, March 17, 1904.