NORTHERN TEXAS TRACTION COMPANY v. PHINEAS W. HUNT.

Decided March 13, 1909.

**1.—Damages—Personal Injuries—Charge.**

In a suit for damages for personal injuries caused by being run over by a street car, a requested charge upon the issue of contributory negligence, considered, and held properly refused because sufficiently embraced in the main charge of the court, and because it authorized a verdict for defendant if plaintiff was guilty of negligence, whether such negligence proximately contributed to his injuries or not.

**2.—Pleading—Contributory Negligence.**

Only the phase of contributory negligence pleaded by the defendant in an action for personal injuries should be submitted to the jury. Requested charge considered, and held properly refused because in violation of this rule.

**3.—Charge—Issues—Pleading of Both Parties.**

In determining whether or not an issue is raised by the pleading, it is proper to consider the pleading of the defendant as well as that of the plaintiff.

**4.—Negligence—Crossing Railroad Track—Charge—Look or Listen.**

Upon the issue of due care upon the part of the plaintiff in crossing a railroad track, it was not reversible error for the court to use the expression "look or listen" instead of "look and listen". The use of either sense might, under circumstances, be sufficient. The sufficiency of the care used was a question of fact for the jury.

**5.—Street Car—Violation of Ordinance—Evidence.**

Where a street car company is charged with negligence in propelling its cars at a greater rate of speed than that allowed by the city ordinance, the ordinance is admissible in evidence.

Appeal from the District Court of Tarrant County. Tried below before Hon. W. T. Simmons.

*Capps, Cantey, Hanger & Short,* for appellant.—The court erred in refusing to give the following charge requested by the appellant: "You are further instructed, gentlemen of the jury, that if you believe from the evidence that the plaintiff just before the collision suddenly turned on the track of defendant and within such close proximity to the car of defendant that the collision occurred before the defendant had time to stop its car, and that the act of the plaintiff in so driving in front of defendant's car (if you believe he did drive) proximately caused or contributed to the collision and injury to plaintiff, then you will return a verdict in favor of the defendant even though you may believe it was guilty of negligence in respect to the matters complained of."

It was the duty of one traveling along and on the track of the street railway company for a considerable distance, not only to look and listen at the time of his original entry upon said track, for an approaching car, but thereafter to continue to look and listen for such car so long as he used such track, especially when such person knew there was a street car being operated on such track at regular intervals. International & G. N. Ry. Co. v. Jackson, 41 Texas Civ. App., 51; St. Louis S. W. Ry. Co. v. Matthews, 79 S. W., 71.

*McLean & Carlock,* for appellee.—When contributory negligence is pleaded and the general charge of the court upon that issue is correct as applied to the pleadings of the defendant, it is not error in the trial court to refuse a charge in part obnoxious or defective. Gulf, C. & S. F. Ry. Co. v. Shieder, 88 Texas, 152; Missouri, K. & T. Ry. Co. v. McGlamory, 89 Texas, 635; Missouri, K. & T. Ry. Co. v. Hines, 40 S. W., 152.

Street railways have no exclusive right to use that part of streets covered by their tracks. It is incumbent on them to ascertain whether the track is clear and the highest degree of care must be used to avoid running over persons on the track. San Antonio Street Ry. v. Renken, 15 Texas Civ. App., 234; Galveston Street Ry. v. Hewitt, 67 Texas, 479; San Antonio Street Ry. v. Limburger, 88 Texas, 86, 30 S. W., 33; Houston City Ry. Co. v. Woodlock, 29 S. W., 917.

SPEER, ASSOCIATE JUSTICE.—Appellee recovered judgment against appellant for personal injuries received by being run over by one of appellant's street cars in the city of Fort Worth, to revise errors in which judgment this appeal is prosecuted.

The grounds of negligence alleged and submitted were that the defendant company was operating its car at a speed in excess of the speed allowed by an ordinance of the city of Fort Worth, and that its operatives were negligent in not keeping a lookout to discover the plaintiff and warn him of the approach of the car from his rear. In addition to the general issue, the defendant pleaded that plaintiff was guilty of contributory negligence in turning suddenly and sharply immediately in front of its moving car without looking or listening for its approach.

It is well to note the following paragraphs of the court's charge, since objections are lodged against them, or they support the trial court's rulings in refusing requested charges:

"6.   Or if you should find and believe from the evidence that the plaintiff was driving with his horse and a buggy south on St. Louis Avenue upon or in close proximity to defendant's track on said street on the occasion of said accident, and that the defendant's motorman in charge of one of its moving cars approached the plaintiff from his rear and failed to keep proper and sufficient lookout for persons who might be using said street as the plaintiff then was, and failed to give sufficient warning of the approach of said car (if you should find he did so fail to do in the respects last mentioned), and if you further find that such act or omission, if any, on the part of the said defendant's motorman was negligence under the circumstances of the case, and further find that such negligence, if any, proximately caused the said collision testified about to occur and injure plaintiff, then your verdict will be in favor of the plaintiff, unless you find for the defendant under other instructions herein given you."

"8.   If you believe from the evidence that the plaintiff without looking or listening for an approaching car from behind, drove suddenly on the track in front of said car and was guilty of negligence in so doing (if you believe he did so act), and that such negligence, if any, on his part proximately contributed to cause said accident to occur, then you will find for the defendant without regard to any other issue in the case."

"9.   If, on the other hand, you believe the plaintiff at the time or just before said accident happened did look or listen for an approaching car and did not drive suddenly in front of said car and was not guilty of negligence in these respects, and if you further believe that plaintiff at and just before the happening of said accident was in the exercise of ordinary care, then you will find against the defendant on its plea of contributory negligence of the plaintiff."

Appellant's first assignment of error is overruled because the requested charge on which it is based was sufficiently embraced in the charge already quoted, and because, for another reason, that it authorized a verdict for the defendant if the plaintiff's act in driving suddenly in front of defendant's car proximately contributed to his injury, whether such act was negligently done or not.

The second and third assignments are overruled because the phase of contributory negligence therein sought to be submitted was not raised by the pleadings in the case, the appellant having limited that issue to the act of appellee in driving suddenly in front of its moving car without looking or listening.   It is nowhere alleged that appellee was guilty of negligence after he went on appellant's track in failing to look or listen for an approaching car.

Complaint is made of the sixth paragraph of the charge above quoted because, it is said, it was error to submit the question of appellee's driving in close proximity to the track when he had not pleaded such a case.   Appellee's allegations on this point were "that plaintiff was traveling south to his home and was riding in his buggy as aforesaid on the track of said street railway or partly on the same." But if this be not sufficient of itself to authorize the charge, the appellant nevertheless did plead "that plaintiff was proceeding south

along said St. Louis Avenue near to the tracks of this defendant on said street," etc. A buggy so near to the tracks of a street car company as to be struck by one of its cars, as appellee's was, is evidently in close proximity to the track, and the issue was therefore fully raised by the pleadings and evidence.

Appellee next insists that the court erred in the ninth paragraph of his charge in authorizing a verdict against it upon the issue of appellee's contributory negligence if he at and just before the happening of the accident was in the exercise of ordinary care, there being no evidence, so it contends, upon which to base such a charge. We would be justified in disregarding this assignment, seeing that it is not followed by any statement of the evidence from the record, but to consider it involves us in no difficulty, because appellant's interpretation of the charge is entirely too restricted. The time during which the charge requires appellee to have been in the exercise of ordinary care evidently refers to the act of his driving suddenly in front of appellant's moving car, as the issue was pleaded by appellant; and as thus interpreted, the charge finds ample support both in the pleadings and the evidence. Nor can we say the charge is erroneous in permitting a verdict in favor of appellee if he looked or listened, instead of having required him to look and listen. We know of no law, either statutory or otherwise, that requires a person to look and listen for approaching cars before going upon a street railway track. In a given case ordinary care might require the exercise of such diligence, but again, the measure of ordinary care might be satisfied by the exercise of either the sense of hearing or seeing. It is a question of fact and not of law at all.

There was no error in permitting appellee to introduce in evidence the ordinance of the city of Fort Worth relating to the speed of street cars, since the general allegation of appellee's petition that appellant's street car was being propelled at the rate of fifteen miles per hour, in violation of the ordinance of the city of Fort Worth which forbids and makes penal the running at a greater rate than seven miles per hour within the corporate limits of said city, was sufficient, especially in the absence of an exception.

Neither do we find any fault with the charge of the court as to the measure of damages. It merely authorized a recovery of such sum of money as the jury might believe to be "a fair and reasonable compensation" for appellee's injuries. We fail to see how any harm could come to appellant by the court's telling the jury that in determining this reasonable compensation they might take into consideration the impairment, if any, appellee would suffer in the future in the use of his arm. This in nowise violates the principle announced in Ft. Worth & D. C. Ry. Co. v. Morison, 93 Texas, 527, as we understand that decision. Abstractly, reasonable compensation is the rule of damages in all cases and can never be affirmatively erroneous, but if the measure is not sufficiently definite the omission in the charge should be supplied by a requested instruction.

We find no error in the judgment and it is accordingly affirmed.

*Affirmed.*