METROPOLITAN ST. RY. CO. v. ROBERTS et al.

(Court of Civil Appeals of Texas. Dallas. Dec. 2, 1911. Rehearing Denied Dec. 23, 1911.)

1. TRIAL (§ 125*)—MISCONDUCT OF COUNSEL —ARGUMENT TO JURY.

Where, in an action against a street railway company and another for personal injury, there was an issue as to which defendant caused the injury, it was improper for plaintiffs' counsel, on the court overruling the company's objection to argument to the jury that the company had the names of 45 witnesses which it failed to produce, to say: "Of course, that sort of thing sticks pretty hard, it would hurt me if I were in his shoes"—and to make other and similar disparaging remarks concerning the objections.

[Ed. Note.—For other cases, see Trial, Dec. Dig. § 125.*]

---

**2. TRIAL (§ 122*)—MISCONDUCT OF COUNSEL —ARGUMENT TO JURY.**

In a personal injury action against a street railway company, it was improper for plaintiffs' counsel to tell the jury that they could consider, under the law, the fact that defendant had not brought available witnesses there, as tending to show that the absent witnesses would testify adversely.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 299; Dec. Dig. § 122.*]

**3. APPEAL AND ERROR (§ 302*)—MOTION FOR NEW TRIAL—PRESENTATION OF GROUNDS— SUFFICIENCY.**

That a ground of motion for new trial referred by mistake to the wrong bill of exceptions does not preclude review of the ground, where the trial court evidently knew the point raised.

[Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. § 302.*]

**4. TRIAL (§ 253*)—INSTRUCTIONS—REFUSAL— PROPRIETY.**

In a personal injury action, instructions requested by defendant, grouping certain facts which would entitle defendant to a verdict, were properly refused, where they ignored an issue of negligence.

[Ed. Note.—For other cases, see Trial, Dec. Dig. § 253.*]

Error to District Court, Dallas County; E. B. Muse, Judge.

Action by Donna Roberts and others against the Metropolitan Street Railway Company and others. Judgment for plaintiffs, and the named defendant brings error. Reversed and remanded.

Walter H. Walne, Spence, Knight, Baker & Harris, and Baker, Botts, Parker & Garwood, for plaintiff in error. Carden, Starling, Carden & Hemphill, for defendants in error.

RAINEY, C. J. This is an appeal from a judgment rendered in two cases consolidated, one wherein Donna Roberts, a minor, by next friend, sued to recover damages for personal injuries alleged to have been inflicted by the plaintiff in error, and the other wherein her father and mother sought to recover for the loss of her services to them. The allegations were, in effect, that Donna Roberts, while riding in an automobile, got her hand injured in a collision between said automobile and a street car of plaintiff in error. The owners of both the automobile and the street car were made defendants. A trial resulted in a verdict and judgment against all the defendants, and the street car company alone appeals.

[1] There was an issue raised by the evidence as to whether the automobile company or the plaintiff in error caused the injury. Upon the trial the following proceedings were had, as shown by the following bill of exceptions, to wit: "Be it remembered that while Mr. Carden, attorney for plaintiffs, was making the closing argument in their behalf on the trial of this cause, he used the following language: 'Do you think that the street car company has tried to give you the benefit of everything about how this accident occurred? They have not thrown any light on this proposition at all. I have done the best I could, considering the facilities I had for finding witnesses. Considering the fact, however, that they had some 40 or 45 names of passengers in their possession that I did not have and could not get, and considering the fact that we got just what witnesses we could scrape and raise and learn of here, there, and yonder, it seems to us that we have done very well with the situation. That is the way it strikes me generally.' To which statement and argument of plaintiffs' counsel to the effect that defendant had the names of 45 witnesses which it failed to produce, the defendant the Metropolitan Street Railway Company objected on the ground that said statement was outside of the record; that there was no evidence that the defendant had the names of 45 passengers; and for the further reason that the same was calculated to prejudice the rights of this defendant in the minds of the jury. Whereupon the court made the following remark, 'My recollection of the testimony is that there is no record of how many names they did have.' Whereupon Mr. Carden replied: 'Your honor, Holt, this motorman, testified that the car would hold about 11 seats and 4 to the seat—about 4 to the seat. That would be 4 times 11, 44; and he said that it was well filled, and that the conductor took the names of the passengers of the car— stopped the car long enough to take them. And now I think my remarks are justified by the testimony.' Whereupon the court overruled the objection of the defendant Metropolitan Street Railway Company, to which ruling of the court said defendant excepted, whereupon Mr. Carden said: 'I have no objection to his taking that exception, except I will cut it down to 44 names. I did not count them, and I was just taking the motorman's word for it. I do not know whether they were in the car or not.' Again addressing the jury: 'Of course, the trouble with Walter (referring to attorney for defendant Metropolitan Street Railway Company) is that that sort of thing sticks pretty hard when I get to talking about having in the neighborhood of 44 names.' Whereupon defendant Metropolitan Street Railway Company objected to the remarks and comments of plaintiffs' attorney with reference to objection made to his argument, which objection was by the court overruled, to which ruling said defendant excepted. Whereupon Mr. Carden, resuming, stated as follows: 'That sticks pretty hard. When you talk about a concern that has got in the neighborhood of 44 witnesses or as many witnesses as you can put on 11 seats with about 4 to a seat, making about 44, and then they bring up here only 5 or 6 of them, how about the

others, gentlemen? Don't you imagine if I had the names of the balance of those witnesses, and I could have them here, that some of them would tell things a little different from what the 5 or 6 brought here told? Why, they have three claim agents who have got nothing to do but that sort of business, to go round and hunt up that sort of business. Of course, it hurts. It would hurt me if I were in his shoes. Of course, I know if some of the balance of those witness-. es would corroborate some of the witnesses here who have said that the automobile ran into that street car and tried to bust up that street car, I know that they would have them here, because they have got the claim agent to hunt them up, and they have got the courthouse here and the sheriff by which to bring them into this court, and you have the right to consider, under the law, the fact that they have not brought them here is a very strong reason to believe that some of the witnesses would testify adversely to what some of them say.' To which argument of the counsel and action of the court on the objection made by this defendant, the defendant excepted, and here now tenders this bill of exception No. 7, and asks that same be allowed and approved and made a part of the record herein, which is accordingly done."

The plaintiff in error assigns the foregoing as error and submits thereunder the following proposition, to wit: "It is the right of counsel of every litigant, while acting in good faith, to object to any argument made to the jury on behalf of his adversary which he regards as improper and prejudicial to his rights, and it is not proper, but, on the contrary, highly prejudicial, for opposing counsel to ask the jury, either directly or by implication, to consider such objection as evidence against the party making it, on the merits of the case." We are of the opinion that the foregoing remarks of counsel constituted error. In the case of Tel. Co. v. Wingate, 6 Tex. Civ. App. 394, 25 S. W. 439, Justice Key said: "It is the right of every litigant, while acting in good faith, to object to any argument made to a jury on behalf of his adversary which he regards as improper and prejudicial to his rights; and it is not proper for opposing counsel to ask the jury, either directly or by implication, to consider such an objection as evidence against the party making it, on the merits of his case." See, also, Waterworks Co. v. Harris, 3 Tex. Civ. App. 475, 23 S. W. 46; Rotan v. Maedgen, 24 Tex. Civ. App. 558, 59 S. W. 585.

On more than one occasion, as shown by the bill of exception, after an objection to remarks of counsel, the counsel for defendant, in resuming his argument, would refer to the objection by remarking: "Of course, that sort of thing sticks pretty hard. Of course, it hurts. It would hurt me if I were in his shoes," etc. Counsel for the plaintiff in error had the right to make objection to the remarks of opposing counsel, and it is improper in continuing the argument to the jury to make disparaging remarks about such objections, as was done in this case.

[2] It was also improper for counsel to tell the jury they had "the right to consider, under the law, the fact that they have not brought them (witnesses) here is a very strong reason to believe that some of the witnesses would testify adversely to what some of them say." That the street car company did not bring more of the persons who were on the street car at the time of the accident to testify in the case was not a question for legitimate comment before the jury, and what they might have sworn to was mere conjecture. There is no reason shown by the record why the street car company should or should not have had them present.

[3] Counsel for defendant in error insist that this assignment should not be considered because it was not presented to the trial court in the motion for new trial. The question was presented in the motion for new trial; but it referred to bill of exception No. 2, when the reference should have been to a bill bearing a different number. This, we think, should have no bearing on the question. The trial court evidently knew the point being raised, even if he thought of the number stated, and certainly knew of the mistake.

It is also urged that the testimony of the street car company's motorman shows conclusively that he was negligent, and therefore the remarks of counsel were harmless. We do not concur in this proposition. While the jury may have drawn such a conclusion from his testimony, it is not so conclusive from his testimony that no other legitimate conclusion could have been drawn therefrom. The remarks of counsel were calculated to unduly prejudice the jury against defendant, and the court erred in not sustaining the objection of plaintiff in error.

Plaintiff in error by its fifth to ninth assignments complains of the action of the court in admitting the depositions of Mrs. Dixon and Mrs. Toplitz, offered by plaintiffs under the following circumstances, as shown by its bill of exceptions, in substance, as follows: In proving their case, plaintiffs, among others, introduced the deposition of Tom Scurry, Jr. When plaintiffs closed their case in chief, defendant introduced, among others, Tom Scurry, Jr., in person, whose testimony materially contradicted his deposition that had been introduced by plaintiffs. After defendant had rested, plaintiffs, in rebuttal, introduced two witnesses, Ward and Hemphill, in corroboration of the testimony of said Scurry given by deposition, and impeaching Scurry's testimony on the stand. Hemphill also identified and read to the jury a statement purporting to have been made by Scurry to him. Plaintiffs also introduced in rebuttal for the first time Buford Coffey, who, in cross-examination by defendant, identified

a statement made by him to G. P. Reddick, which he stated was correct, except in two unimportant particulars. After the plaintiffs had introduced their testimony in rebuttal and rested, the defendant asked and was granted leave to introduce sur-rebuttal testimony, and during the introduction of such testimony it introduced its claim agent, G. P. Reddick, for the purpose of corroborating the testimony given in person by the witness Scurry on behalf of the defendant, and for the purpose of identifying and verifying a statement made to him by said witness Scurry, which said statement was given in full during the direct examination of the witness Reddick; that said witness was also introduced to identify and verify a statement made to him by the witness Buford Coffey. On the cross-examination of witness Reddick, the plaintiffs proved by him that he had taken certain statements of Mrs. Dixon and Mrs. Toplitz; that he took Mrs. Dixon's just as it was told to him at first; that it was then read over, and she said there was something wrong, and he ran his pen through it; that as it stood, with erasures as made, it was as she told it to him. Defendant objected to the questions asked which elicited said testimony, and to the said testimony, as an effort on plaintiffs' part to inquire about an immaterial, irrelevant, and collateral matter, and to elicit testimony collateral to any issue in the case, and an attempt to impeach the witness, in this: That it is attempted to show that he had not correctly taken the evidence of the witnesses Scurry and Coffey, above referred to, by proving that he had not correctly taken statements from other witnesses, viz., Mrs. Dixon and Mrs. Toplitz; and for the reason that the witness could not be impeached, nor his conduct in taking the statements of the witnesses Coffey and Scurry impeached, by proving that he did not correctly take the statements of other and different persons and witnesses. After Reddick left the stand, plaintiffs, over the objections of defendant, introduced depositions of Mrs. Dixon and Mrs. Toplitz, taken by Notary Jarrell. It was shown by these depositions that their depositions had been taken before in this case by Notary Michaelson, which were never introduced by either party. To the depositions taken by Notary Jarrell were attached statements purporting to have been made by each witness to G. P. Reddick, claim agent of defendant, and to W. M. Roberts, one of the plaintiffs. Both witnesses state that the statements made by them, respectively, to W. M. Roberts, were correct and true. Mrs. Toplitz states the same as to her statement to Reddick, that it was correct; but Mrs. Dixon testified that the statement purporting to have been made by her to Reddick was incorrect, specifying in what particular it was incorrect. To the introduction of said depositions, with the statements of Reddick and Roberts attached, the defendant objected on the ground that it was immaterial, irrelevant, and incompetent, that it was an attempt to impeach witness Reddick upon a collateral issue and to bolster up the evidence of plaintiff W. M. Roberts, by showing that Reddick had not taken the statement of Mrs. Dixon, Scurry, and Coffey correctly, and that the statement made to Roberts was a signed, unsworn, and ex parte statement taken by plaintiff.

We are of the opinion that the court erred in admitting said depositions. The first depositions of said witnesses were not read in evidence, nor had they testified in person. No attack had been made on them in any manner, and said depositions could not have been for the purpose of corroborating themselves. It had the effect to impeach the witnesses Reddick, Scurry, and Coffey, and it was not competent for that purpose. The testimony of Mrs. Dixon and Mrs. Toplitz not having been attacked, the statements made by them to Reddick and Roberts were not legitimate evidence. It would have been competent for them to testify as to what they saw and knew of the accident; but this could not be done by showing they had made statements to other parties, and proving said statements to be correct and were true, and then introducing said statements.

[4] Plaintiff in error submitted several charges grouping certain facts which supported its theory of the case, and instructed the jury, if they found such facts to be true, to find for defendant. The special charges did not embrace the question of negligence on the part of defendant. The facts grouped in said special charges may have existed, and plaintiff in error may have been guilty of negligence. If so, it would not be free from liability. The requested charges being error in this particular, there was no error in refusing them.

There are other assignments of error relating to the charge of the court, excessiveness of the judgment, etc.; but none necessary to discuss.

For the error pointed out, the judgment is reversed, and the cause remanded.