DAN SWIFT v. CHARLES G. BRUCE ET AL.

Decided December 23, 1902.

**Assignment of Error—Statement Required.**

An assignment and proposition thereunder not followed by a sufficient statement, one pointing out in a particular manner that part of the proceedings contained in the record in which the error is complained of, will not be considered, but regarded as waived. Rule 31, Courts of Civil Appeals.

Error from the District Court of Hardin. Tried below before Hon. L. B. Hightower.

*J. R. Davenport, J. D. Martin,* and *Cruse & Nall,* for plaintiff in error.

*W. W. Dies* and *Searcy & Garrett,* for defendant in error.

PLEASANTS, ASSOCIATE JUSTICE.—This is an action of trespass to try title brought by defendant in error, Chas. G. Bruce, against the plaintiff in error. The vendors of Bruce were brought in on their warranty, and judgment sought against them in event defendant should recover the land sued for or any part thereof. The defendant answered with plea of not guilty, and by cross-action sought to have the title to the land in controversy decreed to be in him. The trial in the court below resulted in a verdict and judgment in favor of plaintiff, from which judgment the defendant below prosecutes this writ of error.

The first assignment of error with the proposition and statement thereunder is as follows:

"1. The court erred in peremptorily instructing the jury to render a verdict for the plaintiff, in this: That it was a material question of fact that ought to have been submitted to the jury and passed upon by them, as to whether the land in controversy was patented to the vendors of plaintiff or to the vendors of defendant.

"Appellant's proposition under the above assignment: That where there is any evidence tending to support an issue presented by the pleadings, the court should submit such issue to the jury, and can not take the case in hand and direct what verdict shall be returned.

"Statement. Testimony of D. C. Giddings: 'I do not know of the Delgados personally. I was not present when said transfer from the heirs of Jose Delgado to Giddings and Giddings was made. The transaction was negotiated for us by I. A. Paschal, of San Antonio. We received the transfer with the certificate attached, by mail from San Antonio, Texas. This certificate remained, with the transfer of the same, in my possession until the certificate had been located, and was returned by us to the General Land Office for the purpose of securing the patent. I am not acquainted with any of the heirs of Jose Delgado. I do not know of my own knowledge whether or not the original certificate to this land was ever in the possession of the parties who transferred it to

J. D. and D. C. Giddings. I know nothing about the matter than I have stated. I do not know from whom Paschal received it. It was attached to the transfer when I received it, as above stated.' (See record, page 14.)"

This assignment of error can not be sustained, because the proposition thereunder is not supported by a statement such as is required by the rules. There is nothing in the statement which shows or tends to show that there was any issue raised by the evidence as to whether the land in controversy was patented to the vendors of plaintiff or to the vendors of the defendant. We are not required to search through the record to determine whether the evidence in the case raises such issue, and must decline to make such investigation. The rules require that each proposition under each assignment shall be followed by a statement of such portion of the record as may be necessary and sufficient to explain and support the proposition. An assignment and proposition not followed by a sufficient statement can not be considered and will be regarded as waived. Rule 31 Courts of Civil Appeals; Johnson v. Lyford, 9 Texas Civ. App., 85; Hahan v. Broussard, 3 Texas Civ. App., 481; Kempner v. Ivory, 29 S. W. Rep., 539; Railway v. Maloney, 33 S. W. Rep., 767.

None of the remaining assignments point out that part of the proceedings contained in the record in which the error is complained of, in a particular manner, so as to identify it, and for this reason can not be considered. Rule 25, Courts of Civil Appeals; Pearson v. Flanagan, 52 Texas, 266; Tudor v. Hodges, 71 Texas, 393; Land Co. v. Chisholm, 71 Texas, 523.

No fundamental error appearing on the face of the record, and none of the assignments being such as we are authorized to consider, the judgment of the court below will be affirmed.

*Affirmed.*