TOLAR et al. v. SOUTH TEXAS DEVELOPMENT CO. et al.

(Court of Civil Appeals of Texas. El Paso. Jan. 9, 1913. Rehearing Denied Feb. 12, 1913.)

1. VENDOR AND PURCHASER (§ 232*)—BONA FIDE PURCHASER—NOTICE—POSSESSION.

Possession of land constitutes notice of a claim thereto by the party in possession, and possession by a tenant is notice of the landlord's rights.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 540–562; Dec. Dig. § 232.*]

2. VENDOR AND PURCHASER (§ 232*)—NOTICE—POSSESSION.

The mere existence of a fence around property would not constitute such possession as would give notice of any possessory or proprietary rights by the person erecting the fence, not being an actual and visible appropriation of the land.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 540–562; Dec. Dig. § 232.*]

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

**3. APPEAL AND ERROR (§ 742*)—ASSIGNMENTS OF ERROR—PROPOSITION.**

Appellant in a suit for specific performance of a contract to convey, made by defendant, who afterwards conveyed to T., submitted two propositions under an assignment of error: First, to the effect that it was error to instruct that, if the vendor had sold the land to one who was free from all equities, specific performance could not be decreed; and, second, that it was error to instruct that, unless the jury found that defendant T. had such actual notice as would put an ordinarily prudent man on inquiry, they should find for him. *Held*, that the function of a proposition is to assign the reasons why it is contended a certain action of the court is erroneous, and the propositions were insufficient.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3000; Dec. Dig. § 742.*]

**4. NEW TRIAL (§ 112*)—GROUNDS—UNANIMOUS REQUEST.**

If a case was properly tried, the court should overrule motions for a new trial, though a new trial was requested by all the parties.

[Ed. Note.—For other cases, see New Trial, Cent. Dig. § 233; Dec. Dig. § 112.*]

**5. SPECIFIC PERFORMANCE (§ 116¾*)—PARTIES.**

Allegations of a petition, in a suit for specific performance, that another was interested in the contract with plaintiff were sufficient, on general demurrer, to authorize his joinder as a party plaintiff.

[Ed. Note.—For other cases, see Specific Performance, Cent. Dig. § 376; Dec. Dig. § 116¾.*]

**6. ASSIGNMENTS (§ 23*)—INTEREST IN ACTION.**

One having an interest in a cause of action for specific performance could transfer such interest.

[Ed. Note.—For other cases, see Assignments, Cent. Dig. §§ 40, 41; Dec. Dig. § 23.*]

**7. SPECIFIC PERFORMANCE (§ 120*)—ADMISSION OF EVIDENCE—CONTRACT.**

Where, in an action for specific performance, all of the parties interested in the land and contract were before the court, the original contract to convey to plaintiff, upon which the suit was based, was admissible in evidence.

[Ed. Note.—For other cases, see Specific Performance, Cent. Dig. §§ 384–386; Dec. Dig. § 120.*]

**8. APPEAL AND ERROR (§ 742*)—ASSIGNMENTS OF ERROR—STATEMENTS—NECESSITY.**

An assignment of error and proposition not supported by a sufficient statement, as required by Court of Civil Appeals Rule 31 (142 S. W. xiii), will be regarded as waived, and not considered.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3000; Dec. Dig. § 742.*]

**9. APPEAL AND ERROR (§ 742*)—ASSIGNMENTS OF ERROR—STATEMENTS—ADMISSION OF EVIDENCE.**

Where a statement supporting assignments of error refers to no bill of exceptions to the admission of evidence, assignments of error in admitting the evidence will not be considered.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3000; Dec. Dig. § 742.*]

**10. APPEAL AND ERROR (§ 742*) — ASSIGNMENTS OF ERROR—STATEMENTS—MULTIFARIOUS PROPOSITIONS.**

An assignment of error submitted as a proposition, which is multifarious, will not be considered on appeal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3000; Dec. Dig. § 742.*]

**11. APPEAL AND ERROR (§ 742*) — ASSIGNMENTS OF ERROR—PROPOSITION.**

Where an assignment of error is not supported by a proposition, and cannot be considered as such because multifarious, and is not supported by a statement, it will not be considered.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3000; Dec. Dig. § 742.*]

Appeal from District Court, Brazoria County; Wells Thompson, Judge.

Action by H. L. Tolar and others against the South Texas Development Company and Bert L. Turner and J. O. Ross. From a judgment for plaintiff named and another and against defendant Development Company, plaintiffs and the defendant named appeal. Affirmed.

Louis J. Wilson and Masterson & Rucks, all of Angleton, for appellee Turner and for appellant South Texas Development Co. Baker, Botts, Parker & Garwood, of Houston, for appellee Ross. Elmer P. Stockwell and W. S. Sproles, both of Angleton, for appellants and appellees, Tolar, Stockwell, and Drake.

HIGGINS, J. This was a suit by H. L. Tolar, William R. Stockwell, and Charles A. Drake against the South Texas Development Company, Bert L. Turner, and J. O. Ross, for specific performance of contract to convey, and partition of, an undivided 213⅓ acres of land out of section 1 in A. C. H. B. survey, situate in Brazoria county, Tex., and, in the alternative, for damages for breach of contract. On May 10, 1909, the South Texas Development Company contracted to convey said land to Tolar upon certain terms and conditions not necessary here to mention, but instead of conveying to him, the same was by it conveyed to Turner, by deed dated October 25, 1909. Upon trial judgment was rendered in favor of Tolar and Stockwell, and against South Texas Development Company, for damages in the sum of $1,093.50, and in favor of the defendant Turner for the land sued for; judgment in favor of the defendant Ross was rendered, discharging him without day, and it was further ordered that plaintiff Drake take nothing by his suit. From this judgment the plaintiffs Tolar, Stockwell and Drake, and the defendant South Texas Development Company have appealed.

[1] We will first discuss and dispose of the questions presented by the appellants Tolar, Stockwell, and Drake. By their first assignment of error they complain of the failure of the court in his general charge to instruct the jury with reference to notice to the defendant Turner of their claim against the land afforded by alleged possession of the premises in controversy. The court in his general charge instructed the jury that if Turner purchased the land from the South Texas Development Company, with notice

of the claim of the plaintiffs thereto, in such event a verdict should be returned in favor of the plaintiffs, and against Turner and the South Texas Development Company, for the land sued for; but that if he bought the same without notice thereof, for a valuable consideration, he was an innocent purchaser, and in such event recovery of the land could not be had. The court having thus generally charged upon the law of notice, it was incumbent upon the plaintiffs, if they desired a more complete charge directly calling the attention of the jury to any alleged facts of possession relied upon by them, to have requested a special charge covering the same, and having failed to do so, they are precluded from complaining of any failure of the trial court to more fully and completely cover this phase of the case. Aside from this consideration, however, no error is presented under the record here disclosed. The plaintiffs contend they were in possession of the premises at the time of the purchase thereof by Turner, and by virtue of such possession, Turner was charged with notice of their claim to the land. In their statement under this assignment of error, they call our attention to the fact that the land had been fenced by Tolar and Stockwell and leased by them to Drake for pasturage purposes. It is undoubtedly true that possession of land constitutes notice of the claim thereto of the party in possession, and possession by a tenant operates as notice of the rights of his landlord. Frugia v. Truehart, 48 Tex. Civ. App. 513, 106 S. W. 739; Glendenning v. Bell, 70 Tex. 633, 8 S. W. 324; Woodson v. Collins, 56 Tex. 175; Paris, etc., v. Burks, 101 Tex. 106, 105 S. W. 175.

[2] We are referred to no testimony whatever showing that Drake, or any one else, was actually using the land for pasturage or any other purpose, and the mere fact that a fence had been placed around the same by Stockwell and Tolar does not constitute such possession as the law contemplates as affording notice of their rights. Indeed, we do not regard fencing alone as constituting any possession whatever; it is not such an actual, open, and visible appropriation of the land as is contemplated by the law. An inclosure around a tract of land is one of the evidences of possession, and yet a tract of land might be inclosed by a fence and have improvements thereon, and still not be in possession of any one, or in the possession of parties different from those who placed the inclosure and improvements there. Under the facts called to our attention, there was no occasion for the court to charge upon notice afforded by possession.

The second assignment complains of the submission of a special charge requested by Turner upon the question of notice, which it is claimed was not raised by the evidence. It is not necessary for us to inquire whether or not this special instruction was properly given. If improper, it was not such error as

would require reversal of the cause. Rule 62a for government of the Courts of Civil Appeals (149 S. W. x).

[3] Under the third assignment two propositions are submitted, as follows: First: "It was error to instruct the jury in this case that, if the vendor had sold the land to one who was free from all 'equities', specific performance could not be decreed." Second: "It was error for the court in this case to instruct the jury that, unless they should find that defendant Bert L. Turner had such 'actual' notice as would put an ordinarily prudent man on inquiry, they should find a verdict in his favor for the land." The purpose and function of a proposition is to assign and point out the reasons why it is contended a certain action of the court is erroneous. These two propositions are utterly insufficient in this respect; and, since we do not know the reasons why it is contended such action was erroneous, they are therefore not considered. Under other propositions under this assignment it is urged that the charge complained of was misleading, meaningless, vague, uncertain, and confusing. It is not pointed out in what respect it is subject to these criticisms, and it is not so regarded by us, and the assignment is therefore overruled.

Under the fifth assignment complaint is made of the action of the trial court in giving a peremptory instruction in favor of the defendant J. O. Ross. Under no phase of the evidence was Ross liable, and this assignment is overruled.

[4] Under the sixth assignment, the proposition is advanced that the court erred in refusing to grant a new trial, because the plaintiffs and the South Texas Development Company both requested the same. If the case was properly tried, it was the duty of the court to overrule such motion, although a new trial may have been desired by all parties.

[5, 6] We pass now to a consideration of the appeal of the South Texas Development Company. Error is assigned to the overruling of a special exception to the plaintiffs' petition, reading as follows: "And for special demurrer to said plaintiffs' second amended original petition, this defendant says that so much of said petition as seeks to show a cause of action by said plaintiff Wm. R. Stockwell is insufficient in law, as is shown upon the face of the said petition and by the allegations therein contained, and whereof this defendant prays judgment of the court." It is urged that the petition does not show how Stockwell acquired any right under the contract to purchase, entered into by the South Texas Development Company with Tolar, or that he has any cause of action therein, and because the contract sued upon contained mutual covenants, and is not assignable. The demurrer in form is that of a special exception, but is, in fact, a general demurrer so far as concerns Stockwell's alleged cause

,f action. In the petition it is averred that .tockwell was interested in the contract with Tolar, and this was sufficient to show his right to join in the suit as a party plaintiff is against a general demurrer. Neither is ;here any merit in the contention that Tolar ould not transfer an interest in the cause f action to his coplaintiff, Stockwell.

[7] The second and fifteenth assignments are overruled. All parties interested in the and and the contract were before the court, nd the suit, in effect, was primarily for specific performance and partition, and the court therefore did not err in admitting in evidence the contract between Tolar and the South Texas Development Company, upon which the suit was based.

[8] The rules require each proposition under each assignment to be followed by a statement of such portion of the record as may be necessary and sufficient to explain and support the same. An assignment and proposition not supported by a sufficient statement is not entitled to consideration, and will be regarded as waived. Rule 31 for government of the Courts of Civil Appeals (142 S. W. xiii); Swift v. Bruce, 31 Tex. Civ. App. 92, 71 S. W. 321; Hahn v. Broussard, 3 Tex. Civ. App. 481, 23 S. W. 88; Kempner v. Ivory, 29 S. W. 538; Railway Co. v. Maloney, 33 S. W. 767; Traction Co. v. Hunt, 54 Tex. Civ. App. 415, 118 S. W. 827, and numerous other cases of like import. For the reasons that they are not supported by such statements, we decline to consider assignments Nos. 3, 16, 4, 17, 5, 20, 6, 18, 12, 14, 13, and 22.

[9] The seventh and nineteenth assignments complain of the admission of certain testimony of plaintiff Stockwell as to the value of the land in controversy at the time of the institution of the suit. The statement supporting these assignments refers to no bill of exception to the admission of the testimony, and is therefore insufficient to entitle the assignments to consideration. However, we have examined the various bills of exception appearing in the record of the South Texas Development Company, and do not find any relating to this testimony; and, without a bill of exception to the admission of the testimony taken at the time, this question cannot be reviewed.

[10] The eighth assignment is submitted as a proposition. As such it is multifarious, and is not entitled to consideration, and is not considered. Driver v. Wilson, 68 S. W. 290; Railway Co. v. White, 120 S. W. 958; Railway Co. v. Quebedeaux, 119 S. W. 1158; Russell v. Deutschman, 100 S. W. 1164; McAllen v. Raphael, 96 S. W. 760; De Hoyes v. Railway Co., 52 Tex. Civ. App. 543, 115 S. W. 75. For like reasons we decline to consider the ninth and eleventh assignments.

The tenth assignment complains of the submission of a special charge upon the ground that it was unintelligible, and calculat-ed to confuse the jury. The charge is not unintelligible, and the objections urged present no error.

[11] The twenty-first assignment of error is unsupported by any proposition, and cannot be treated as a proposition within itself because it is multifarious; neither is it supported by any statement. The same is therefore not considered.

Affirmed.