LUDTKE v. MURRAY.　(No. 7375.)

(Court of Civil Appeals of Texas. Galveston. Nov. 9, 1917. Rehearing Denied Nov. 28, 1917.)

1. DEEDS ⊜⟿38(1) — DESCRIPTION — SUFFICIENCY.

A deed describing land as commencing at the beginning corner "about two miles from the courthouse of Harris, called the city of Houston," and beginning on a pine tree 22 inches in diameter, thence west 443½ varas to another pine 20 inches in diameter, thence north 2,-628½ varas to a pin oak, thence east 443½ varas to a pine 24 inches in diameter, thence south 2,628½ varas to the place of the beginning, was properly admitted in evidence, there being nothing in the record to show that the land intended to be conveyed was not accurately described, the deed not bearing any ambiguity on its face, and it not appearing that any ambiguity or uncertainty arose when the description was applied to the ground.

2. APPEAL AND ERROR ⊜⟿742(1)—STATEMENT —NECESSITY.

Under rule 31 for Courts of Civil Appeals (142 S. W. xiii) declaring that to each of the propositions there shall be subjoined a brief statement, in substance, of such proceedings or part thereof contained in the record as will be necessary and sufficient to explain and support the proposition with a reference to the pages of the record, an assignment of error need not be considered, where the propositions were not supported by a statement of the germane facts, the court not being required to search the record for such matters.

**3. TRIAL ⟞39 — DOCUMENTARY EVIDENCE— NOTICE AND FILING OF COPIES.**

Where plaintiff, in accordance with Vernon's Sayles' Ann. Civ. St. 1914, art. 3700, filed copies of deeds with the papers of the case, and gave three days' notice before trial of intention to introduce them in evidence, defendant, the purpose of the statute having been fulfilled, may, on plaintiff's failure, introduce such deeds in evidence, although he did not file the copies or give the notice provided for.

**4. APPEAL AND ERROR ⟞1032(2)—REVIEW-- HARMLESS ERROR.**

In an action for trespass to try title, the exclusion of deeds offered by defendant, though erroneous, is harmless, where it prima facie appeared from the statement that the deeds showed the chain of title from the sovereignty to the admitted common source of title under whom both parties claimed.

**5. JUDGMENT ⟞707—CONCLUSIVENESS—PERSONS BOUND—EVIDENCE.**

A copy of an opinion rendered in an action between other parties, that one under whom plaintiff claimed did not have title to certain lands, including that in controversy, is inadmissible as against plaintiff, for plaintiff, not being a party, is not bound by the judgment.

Appeal from District Court, Harris County; Wm. Masterson, Judge.

Action by Louisiana Murray against W. F. Ludtke. From a judgment for plaintiff, defendant appeals. Affirmed.

P. Harvey and F. L. Jones, both of Houston, for appellant. Atkinson, Graham & Atkinson, of Houston, for appellee.

PLEASANTS, C. J. This is an action of trespass to try title brought by appellee against appellant to recover a tract or parcel of land described as lot No. 1 in the Royal addition to the city of Houston. The defendant answered by general demurrer, general denial, and pleas of limitation of five and ten years. After hearing the evidence the trial court instructed the jury to return a verdict for plaintiff, and upon return of such verdict judgment was so rendered.

[1] The first assignment of error presented in appellant's brief complains of the ruling of the court admitting in evidence over the defendant's objection a deed from T. T. Hailey to T. J. Hailey. The proposition submitted under this assignment is as follows:

"If the description given in a deed does not sufficiently identify the land, it then becomes necessary to offer parol evidence in aid of its identity, so that it can with certainty be determined what land was intended to pass by the conveyance; and the burden rests upon the party claiming under such deed to show these facts."

The description in said deed is as follows:

"A certain piece or parcel of land situated on the N. side of Buffalo bayou, being a part of a league of land donated to William P. Harris and Robert Wilson for building a steam mill at Harrisburg; commencing at the beg. cor. about 2 miles from the courthouse of Harris, called the city of Houston, and beginning on a pine tree mkd. thus, H, 22 in. dia.; thence W. 443½ vs. to another pine 20 in. dia. mkd. thus, H X; thence N. 2,628½ vs. to a pin oak 15 in. dia. mkd. thus, H X; thence E. 443½ vs.

to a pine tree 24 in. dia. mkd. thus, HXX; thence S. 2,628½ vs. to the place of beginning."

This description is certainly not so indefinite or uncertain as to render the deed void. There is no ambiguity upon the face of the instrument, and it does not appear from the statement following the proposition, or from the record, that any ambiguity or uncertainty arose when the description was applied to the ground. There is nothing in the record to show that the land intended to be conveyed by the deed was not accurately described therein, nor that the land involved in this suit was not a part of the land described in said deed. The assignment cannot be sustained. Wilson v. Smith, 50 Tex. 365; Mansel v. Castles, 93 Tex. 414, 55 S. W. 559.

[2] The second assignment, the proposition, and statement thereunder are as follows:

"The court erred in admitting in evidence certified copy offered by plaintiff of the deed from T. J. Hailey to Joseph Royal, dated July 15, 1862, and certified copy of instrument purporting to be deed from Joseph Royal to E. G. Carroll, dated August 29, 1862, and certified copy of instrument purporting to be a deed from Emily Carroll to the plaintiff, Louisiana Murray, dated August 20, 1904, and certified copy of sketch purporting to be map of what is called the royal addition to the city of Houston, recorded in volume C, page 298 of the Deed Records of Harris county, Tex., to the introduction of which purported instruments and each of them, defendant objected for the reason that T. T. Hailey had no title whatever to the land in question, because his claim was based upon the deed from D. W. C. Harris, who had no title to the land, and could not convey the same to said T. T. Hailey, because D. W. C. Harris got his pretended title through a certain sheriff's deed from Robert Wilson, dated January 5, 1841, by John W. Moore, sheriff of Harris county, Tex., which said sheriff's deed is void on its face because it does not describe the land thereby attempted to be conveyed; hence it follows that plaintiff's chain of title, being based upon said void sheriff's deed all instruments in said chain of title offered by plaintiff are void and convey no interest whatever in the land in suit; and the purported map of what is called the Royal addition is void for the reason that the chain of title under which plaintiff claims is based upon said void sheriff's deed above mentioned, and said Joseph Royal had no title whatever to the land described and pretended to be platted as the Royal addition in said purported map, and could not make and file for record a valid and legal map of land to which he had no title.

"Proposition.

"A plat of land made by a party who has no title to the land is mere nullity, and a certified copy of the same is not admissible for any purpose.

"Statement.

"The map appears on page 5 of the statement of facts."

It is clear that this assignment is not entitled to consideration. The only proposition submitted is in regard to the introduction in evidence of the certified copy of the map of "Royal addition." There is no statement showing that the person who had the map made and recorded was not the owner of the

land. We are not required to search the record to find by whom the record of the map was procured, and to ascertain whether such person was the owner of the land. Rule 31 for Courts of Civil Appeals (104 Tex. 652, 142 S. W. xiii); Swift v. Bruce, 31 Tex. Civ. App. 92, 71 S. W. 321; Johnson v. Lyford, 9 Tex. Civ. App. 85, 29 S. W. 57; Raywood Canal Co. v. Langford Bros., 32 Tex. Civ. App. 401, 74 S. W. 928.

[3] The fifth assignment complains of the refusal of the trial court to permit defendant to introduce in evidence, for the purpose of showing that the common source of title, T. T. Hailey, had no title to the land in controversy, the original grant from the Mexican government to Wm. P. Harris and Robert Wilson, a certified copy of a deed from Robert Wilson, by sheriff, to D. W. C. Harris, partition deed between E. M. Harris and D. W. C. Harris.

The first proposition under this assignment and statement thereunder are as follows:

"Where plaintiff shows the superior title, under a common source, the defendant may still defeat the action by showing there is a superior title to that of the person under whom both claim, without showing he holds such superior title, provided he prove affirmatively that such previous and superior title never vested in the common source; and proof by defendant, however made, that the common grantor had no title, is a defense.

"Statement.

"Plaintiff showed T. T. Hailey to be common source. Defendant, to show that no title whatever vested in said common source, T. T. Hailey, introduced in evidence original grant from the Mexican government to W. P. Harris and Robert Wilson, for two leagues of land, including the land in controversy, and then offered in evidence (a) certified copy of deed from Robert Wilson by sheriff, to D. W. C. Harris; (b) certified copy of partition deed between M. L. Birdsall, D. W. C. Harris and C. E. M. Harris, administrator of W. P. Harris; (c) certified copy of deed from D. W. C. Harris to T. T. Hailey."

Plaintiff's objection to the introduction in evidence of the deeds, which was sustained by the court, was that defendant had not filed copies thereof and given plaintiff notice three days before the trial that said deeds would be offered in evidence.

The record shows that plaintiff had filed copies of the deeds with the papers of the case and given notice three days before the trial of her intention to introduce them in evidence. We think in these circumstances plaintiff cannot be heard to object to the introduction of the deeds by the defendant upon the ground that defendant had not filed the copies and given the notice required by the statute. Article 3700, Vernon's Sayles'

Statutes. Every purpose of the statute was fulfilled when the deeds were filed by the plaintiff, and it would have been an entirely useless proceeding for the defendant to have also filed copies and notified plaintiff of his intention to introduce them in evidence.

[4] We cannot, however, sustain the assignment, because there is nothing in the statement from which it can be inferred that defendant was injured in any way by the exclusion of the deeds. On the contrary, it appears prima facie from the statement that these deeds show a chain of title from the sovereignty of the soil to T. T. Hailey, the admitted common source of title. The statement does not disclose that any of the deeds in this chain of title were void. None of the deeds, nor the substance of any of them, is given, and we can only conjecture as to the basis of appellant's assumption that these deeds would show that T. T. Hailey had no title. Unless an assignment, together with the proposition and statement thereunder, shows that the ruling of the court complained of was probably injurious to the appellant, the assignment cannot be sustained. For this reason the assignment under consideration must be overruled.

[5] The fourth assignment complains of the refusal of the trial court to permit defendant, over plaintiff's objection, to introduce in evidence a certified copy of the opinion of the Court of Civil Appeals for the Eighth District in the case of Lafferty v. Wilson. The holding of the court in the mentioned case was that T. T. Hailey did not acquire title to the land conveyed to him by D. W. C. Harris, which included the land in controversy in this suit. The court did not err in excluding this evidence. The appellee was not a party to the suit, and is in no way bound by the judgment therein, nor by the findings of the court in the opinion in said cause, and that opinion cannot be used as evidence in this case upon the issue of whether T. T. Hailey, the common source of title of plaintiff and defendant, had title to the land.

The last assignment complains of the charge of the court instructing the jury to return a verdict in favor of plaintiff, on the ground that the evidence raised the issue of limitation. We have read all of the evidence offered on this question and agree with the trial court that it does not raise the issue of limitation.

The conclusions above expressed require the affirmance of the judgment, and it has been so ordered.

Affirmed.