**DAVIS et al. v. JONES et al.**

**No. 5166.**

Court of Civil Appeals of Texas. Texarkana.

Feb. 25, 1938.

Rehearing Denied March 10, 1938.

Houtchens & Houtchens, C. F. Clark, and J. Harold Craik, all of Fort Worth, for appellants.

Wynne & Wynne, H. P. Smead, Wm. A. Wade, Philip Brin, John Porter, and H. M. Harrington, all of Longview, and M. M. Williams, of Houston, for appellees.

JOHNSON, Chief Justice.

This appeal is from a judgment rendered upon an instructed verdict against appel-

lants, plaintiffs below, in an action of trespass to try title to four acres of land, a part of the Wm. P. Chism survey in Gregg county, and to recover accumulated oil royalties therefrom.

Griffin Davis, deceased in 1935, is the common source of title. Griffin Davis owned 154 acres in the Wm. P. Chism survey. He acquired 129 acres of the 154 acres by deed from A. H. Culver in 1900. The 4-acre tract in dispute was a part of the 129-acre tract. Appellants seek to deraign title to the 4 acres by inheritance from Griffin Davis. Appellees claim title to the 4 acres under a deed of conveyance from Griffin Davis to Jesse Davis dated July 23, 1929. Appellants contend that Jesse Davis acquired no title by reason of the deed because, it is contended, the deed is void for want of a sufficient description of the land intended to be conveyed. The question controlling the lawsuit is whether or not the description of the four acres of land in the deed from Griffin Davis to Jesse Davis is sufficient to pass title. The description reads: "All that certain lot or parcel of land, a part of the Wm. P. Chism H. R. survey in Gregg County. Beginning at the S. edge of a branch of china berries trees; Thence E. 7 chains to a stake in field; Thence S. 5 chains 71 links to stake; Thence W. 7 chains to W. line of Griffin Davis land; Thence N. 5 chains 71 links to place of beginning, containing 4 acres."

The land was surveyed at or about the time the deed was executed. The survey was made by John I. Choice, who it is testified, was county surveyor of Gregg county a number of years ago. He was assisted by his son, Frank Choice, and by Griffin Davis and Jesse Davis, and probably some others.

Frank Choice testified, in substance, that in 1929 he went with his father, John I. Choice, to the Griffin Davis tract of land and assisted his father in surveying four acres out of it; that Griffin Davis and Jesse Davis, and perhaps some other Negroes, were there and assisted them; that they began the survey of the 4 acres at a bunch of China berry trees, or one China berry tree bunched up, at the corner of a lot called the church or hall lot; that Griffin Davis told him to begin at that point; that they set pine stakes for markers at the corners of the four acres of land surveyed; that on the day before giving his testimony he was upon the four acres; that the stump and berry tree or trees are still there; that there are iron stakes in approximately the same position as the pine stakes he helped his father to set in 1929 at the four corners of the four acres.

Jesse Davis testified that he assisted in the survey; that Mr. Frank Choice drove the corner stobs; that as a beginning point a stake was driven at the south edge of a bunch of China berry trees; that he knew where the southwest corner of the "Church of God tract" was located; that the bunch of China berry trees was at the southwest corner of said church tract; that the bunch of China berry trees consisted of seven trees which had grown up from one stump; that from the stake in the edge of the bunch of China berry trees as a beginning corner, they surveyed out the 4 acres by running east, south, west, and north to the place of beginning, and marked the corners with wooden stakes; that iron stakes now mark the places where wooden stakes were driven; that one of the wooden stakes still remains at the southeast corner of the four acres.

Carlyle Hilburn, a resident of the community, also identified the bunch of China berry trees called for as the beginning corner in the deed. He knew when the Church of God first bought its tract and when they improved it. He knew the bunch of China berry trees in the Southwest corner of said church lot. He was not present when the four acres was surveyed, but that he viewed the ground a few days afterwards and was shown the beginning corner stake at the bunch of China berry trees, as well as the other corner stakes, that iron stakes are now at about the same places as where the wooden stakes were.

R. I. Boyd testified that Griffin Davis in 1931, with the deed before them, showed him the 4 acres and pointed out on the ground the bunch of China berry trees called for as the beginning corner in the deed, and told witness that he had sold the four acres to Jesse Davis.

■ Appellants contend that the testimony of R. I. Boyd and G. L. Tillery conflicts with the testimony of the other witnesses wherein Boyd and Tillery estimated distance of the bunch of China berry trees from other objects. We do not think such a conflict, if any, would defeat the deed. However, we have read the testimony of the several witnesses and do not find any material conflict as to the identity and location on the ground of the China berry trees called for in the deed.

It appears that shortly after Griffin Davis conveyed the land to Jesse Davis, he, Jesse Davis, went into possession of the 4 acres; built a dwelling house and moved on the land and has since continuously occupied it, without objection until the circumstances occurred giving rise to this lawsuit.

We do not think the description in the deed from Griffin Davis to Jesse Davis is so defective as to render it void as contended. It appears that by use of extrinsic evidence the land as described in the deed has been identified on the ground with certainty. From the testimony referring to the China berry trees springing up from an old stump, it is evident that the word "branch" used in the deed to describe the particular China berry trees called for as the beginning point was used, not in the local sense of a small stream, but in the sense of the original and more generally accepted meaning of the word "branch"—to branch off or out of; offshoots springing out of or from the main body; as in this case a number of China berry trees sprouting from a single stump. The word is peculiarly descriptive of the particular China berry trees called for. The call is for a described natural object found on the ground, a "branch of China berries trees," the existence and location of which is shown to have been known to the persons acquainted in that locality.

"The descriptive words contained in a deed satisfy legal requirements and furnish a basis for the admission of extrinsic testimony where, the words being fully explained and understood, they enable the land to be identified with reasonable certainty." 14 Tex.Jur. 988, § 201.

"The rule generally adopted for determining the sufficiency of the description contained in a deed is that if there appears therein enough to enable a party familiar with the locality to identify the premises intended to be conveyed with reasonable certainty, to the exclusion of others, it will be sufficient." Easterling v. Simmons, Tex. Civ.App. 293 S.W. 690, 693.

The cases of Ludtke v. Murray, Tex.Civ. App., 199 S.W. 321, and Battle v. Wolfe, Tex.Civ.App., 283 S.W. 1073, writ refused, are sufficiently near in point of fact to be regarded as authority in support of the conclusion we have here reached.

Our decision is also fortified by the practical construction placed upon the deed by the conduct of the parties themselves, assisting in surveying the land, marking the corners, letting the grantee into possession, allowing him to continue in uninterrupted occupancy for a number of years, as shown by the testimony above related. "It is a well-established principle that, if the words used in the description do not definitely identify the land, but the parties have treated the description as applicable to a particular piece of property, this is to be treated as a weighty circumstance in ascertaining their intention." 14 Tex.Jur. 1050, § 256.

The judgment of the trial court is affirmed.