**In re SPRING CREEK INVESTMENTS OF DALLAS, N.V., INC., Debtor.**

**Vernon O. TEOFAN, Trustee of Spring Creek Investments of Dallas, N.V., Inc., Plaintiff,**

**v.**

**Herman F. COOLS, Donald D. Allison and Wintergreen/Hurst Joint Venture, Defendants.**

**Bankruptcy No. 385–30094–A–11.**

**Adv. No. 386–3709.**

United States Bankruptcy Court, N.D. Texas, Dallas Division.

March 11, 1987.

David W. Elrod, Freytay, LaForce, Rubinstein & Teofan, Dallas, Tex., for trustee, plaintiff.

Larry F. Amerine, Mark Andrews, Biggers, Beasley, Amerine & Earle, Richard Dole, c/o Mr. Larry F. Amerine, Biggers, Beasley, Amerine & Earle, Dallas, Tex., for defendants.

## MEMORANDUM OPINION

HAROLD C. ABRAMSON, Bankruptcy Judge.

This adversary proceeding is an action by Vernon O. Teofan, Trustee ("Trustee"), to avoid a transfer of certain real property by Spring Creek Investments of Dallas, N.V., Inc. ("Debtor") to Herman F. Cools, Donald D. Allison, and Wintergreen/Hurst Joint Venture (collectively referred to as "Defendants") under Sections 544, 548, 362, and 105 of the Bankruptcy Code (the "Code"). This is a core proceeding under 28 U.S.C. §§ 157 and 1334. This memorandum shall constitute findings of fact and conclusions of law under Bankruptcy Rule 7052.

The Trustee commenced this proceeding by filing its complaint on August 15, 1986. The court entered a Temporary Restraining Order on that same date preventing the Defendants from transferring the property at issue. Thereafter on August 27, 1986 an agreed Temporary Injunction was entered by the court. On September 5, 1986 the Trustee motioned for partial summary judgment alleging that under Code Section 544(a)(3) he was entitled, as a matter of law, to a superior right to the property by virtue of his status as a hypothetical bona fide purchaser of real property as of the commencement of the case.

The temporary injunction in place was extended by agreement, and on October 2, 1986, the Defendants filed their First Answer, followed on October 3 by their Motion for Continuance. At the hearing scheduled on October 7 the court considered the pleadings on file as well as various allegations and defenses raised by Defendants' counsel, but not previously plead. The Defendants had asserted that the transfer of the property occurred post-petition and the case should be considered under Section 549 of the Code. They also urged their motion for continuance, which the Trustee opposed. That same day the Defendants' response to the summary judgment motion was filed, along with a motion by the Trustee to strike the affidavit supporting the Defendants' response.

By order entered October 15, 1986, the court granted the Defendants' motion for continuance and found that, preliminarily, Code Section 544 controlled the case. The burden of proving the Section 549 theory was placed on the Defendants under Bankruptcy Rule 6001, and certain potential fact issues were delineated. The court expressed its concern with the conduct of certain attorneys who had previously been active in the bankruptcy proceeding, and ordered an investigation by the United States Trustee.

The parties proceeded with additional discovery, and on December 9, 1986, the Defendants filed a counterclaim alleging interference with a prospective conveyance of the property. The Trustee responded with a motion to dismiss. On January 13, 1987 the Defendants filed their Motion for Partial Summary Judgment, based upon alleged inquiry notice to the Trustee, which defeated his status as a bona fide purchaser under Code Section 544.

The evidence before the court consists of depositions, affidavits, and exhibits. It demonstrates that the Section 549 claims of the Defendants (post-petition transfer) are not sustainable. The court finds as a matter of law that Code section 549 does not apply to this proceeding. The matter before the court today is the motion and cross motion for summary judgment on the issue of bona fide purchaser status.

On January 10, 1985 the Debtor conveyed its interest in the property to the Defendants by a Special Warranty Deed. The conveyance was carried out by the use of an escrow arrangement, with the title company acting as an escrow agent with responsibility for the collection of the documents, the purchase price, the distribution of money, and the recordation of the deed. The documents were placed in escrow on January 10; the purchase price was tendered on January 11, and the distributions were made on January 11. However, the deed was not recorded until January 24, 1985. The Debtor filed bankruptcy on January 18, 1985.

In evidence is the affidavit of Herman F. Cools, the former President of the Debtor.

Mr. Cools appears to have had a falling out with the former principals of the Debtor and resigned his activities with the Debtor in October of 1983. The affidavit states that the property at issue was acquired by himself and Donald Allison. Also in evidence is the affidavit of Donald Allison. The affidavit describes some of the negotiations between Allison and the Debtor regarding the acquisition of this property. It further describes the arrangements between Messrs. Allison and Cools and the Wintergreen/Hurst Joint Venture.

The property merits further discussion. It is a subdivision located in Hurst, Texas. Its development had been financed by a loan of $1,540,270.00 from the Home Savings Association of Midland in early 1984. The value of the subdivision was appraised at $3,800,000.00 at that time. Approximately $1,200,000.00 of the loan proceeds were actually used to complete the subdivision, i.e. for roads, water, utilities, etc., so that homebuilders could commence building homes. There were originally 174 lots in the subdivision and 150 of these lots were transferred in the conveyance at issue here. The purchase price paid by the Defendants appears to be about $3,000,000.00, or $20,000.00 per lot. See Exhibit "A" to Defendants Supplemental Response to Trustee's Motion for Partial Summary Judgment; Affidavit of Donald D. Allison, p. 3. It appears that the Defendants have subsequently sold lots from the property for around $29,000.00 each. In his affidavit, Mr. Allison describes the subdivision at the time of the transfer as "... an unsuccessful subdivision ... substantially completed for one year, but ... in a state of disrepair. The street lighting was not finished, and there was debris in the area...." Exhibit "A" to Defendants Supplemental Response to Trustee's Motion for Partial Summary Judgment, *supra*. Mr. Allison goes on to state that, immediately after the closing of the conveyance and prior to the bankruptcy filing, he placed sixty "for sale" signs on the property. The signs said: "For Sale, Don Allison, Realtor, 596–1121."

The question before the court is whether those signs are sufficient notice of the Defendants' claim of ownership to defeat the bona fide purchaser status of the Trustee, at the commencement of the filing of the bankruptcy petition. The Trustee is not chargeable with the actual knowledge of the Debtor. 11 U.S.C. § 544(a)(3). We deal instead with notice.

A short discussion of the "actual" notice asserted by the Defendants is required here. "Actual" notice embraces those things of which one sought to be charged has express information, and likewise those things which a reasonably diligent inquiry and exercise of the means of information at hand would have disclosed. Actual notice being a question of fact, it is impossible to prescribe with accuracy just what facts or circumstances will be sufficient. *Hexter v. Pratt*, 10 S.W.2d 692, 693 (Tex.Comm.App.1928, judgm't adopted). The rule of implied actual notice of a fact which could be discovered by inquiry is not applicable unless the party who is sought to be charged with such notice is under a duty to investigate. *Exxon Corp. v. Raetzer*, 533 S.W.2d 842 (Tex.Civ.App.—Corpus Christi 1976, writ ref'd n.r.e.). Implied actual notice is notice of the facts that are naturally and reasonably connected with the fact known, and to which the fact known can be said to furnish a clue. *Id*, at 847. Here, the force of *Hexter v. Pratt, supra*, is limited because the scope of possible sources of "actual notice" is limited.

Under Texas law, possession, to act as implied actual notice of adverse ownership, must be visible, open, notorious, and exclusive, and not merely constructive possession. *Ball v. Norton*, 238 S.W. 889 (Tex.Comm.App.1922, judgm't adopted). Possession that could easily be referred to the person in whom stood the record title is not sufficient. *Tarrant County Agricultural, Mechanical & Blooded-Stock Association v. Kit*, 31 S.W. 1080 (Tex.Civ. App.1895, writ ref'd).

It is true that a bona fide purchaser is charged with the duty of making such inquiry as would a reasonably prudent man, desirous of protecting himself, and willing

to act fairly with others. *Derrett v. Britton,* 80 S.W. 562 (Tex.Civ.App.1904, writ ref'd). However, the duty does not extend to exhaustive inquiry or investigation of speculation and conjecture. *Edwards v. Brown,* 4 S.W. 380 (Tex.1887); *Patty v. Middleton,* 17 S.W. 909 (Tex.1891). As was made clear by the decision in *Tolar v. South Texas Development Co.,* 153 S.W. 911 (Tex.Civ.App.—El Paso 1913, writ ref'd), possession sufficient to charge a bona fide purchaser with notice must be an actual, open, and visible appropriation of the land. In *Tolar,* the mere placing of a fence around land without the actual use of the land by the purported owner was held to be insufficient to even warrant a charge to jury regarding notice afforded by possession. In this case, we have only the placing of signs on the property—signs which are consistent with the record owner's business of developing subdivisions and which do not indicate any adverse ownership.

Actual possession, as distinguished from constructive possession, contemplates occupancy. It is notice because it is a fact which the purchaser must know and it puts him on inquiry concerning the claim of the possessor. *Ramirez v. Smith,* 59 S.W. 258 (Tex.1900). What would make inquiry a duty in this case is such a visible state of things as is inconsistent with a perfect right of the Debtor to transfer good title at the commencement of the case. *See Strong v. Strong,* 66 S.W.2d 751, 753 (Tex. Civ.App.—Waco 1933) *affirmed,* 128 Tex. 470, 98 S.W.2d 346 (Tex.Comm.App.1936, opinion adopted). Inquiry would not be mandated by ambiguous or equivocal possession which may appear subservient or attributable to the holder of legal title because it is not sufficiently indicative of adverse ownership. The legal presumption that constructive possession is consistent with record title continues until it is shown that actual knowledge to the contrary was conveyed to the purchaser. *Strong,* 66 S.W.2d at 754.

The Trustee is not chargeable with the actual knowledge of the Debtor. Code Section 544 states:

(a) The trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by—

\* \* \* \* \* \*

(3) a bona fide purchaser of real property other than fixtures, from the debtor, against whom applicable law permits such transfer to be perfected, that obtains the status of a bona fide purchaser and has perfected such transfer at the time of the commencement of the case, whether or not such a purchaser exists.

Applying the statute to the instant case, the only question is whether the Defendants have so far perfected their purchase of the subdivision that it could not be undone by a bona fide purchaser. In other words, in the absence of record title in anyone but the Debtor, the question is the sufficiency of notice accorded by the "for sale" signs.

The summary judgment evidence before the court discloses no actual possession— no open, visible, and unequivocal acts of occupancy. The evidence concerning the signs establishes, at best, that one calling the number given *may* have learned of the ownership claim of the Defendants. The court cannot say that the Trustee, upon making inquiry, would certainly arrive at the truth. The court cannot credit the representations of the Defendants that they would have informed callers of their ownership interest. The fact that their theory of inquiry notice rests upon this type of retrospective conjecture only serves to highlight its inadequacy. *Strong,* 98 S.W.2d at 348; *Brown v. Moss,* 265 S.W.2d 613, 616 (Tex. Civ.App.—Ft. Worth 1954, writ ref'd n.r.e.). Thus the court must deny the Defendants' motion for summary judgment. Conversely, the court must find that the constructive possession evidenced by the "for sale" signs is not, as a matter of law, sufficient to defeat the Trustee's status as a bona fide purchaser of real property under 11 U.S.C. § 544(a)(3).

The Defendants cite the court to the decision of *In re R.A. Beck Builders, Inc.*, 66 B.R. 666 (Bankr.W.D.Penna.1986). However, the court finds no support for the Defendant's position in this decision. In *Beck Builders*, a misindexed deed, filed prior to the bankruptcy, was held to be constructive notice.[1] There also was a sign advertising the property, much like the signs on the property here. The court stated: "If the sign merely said 'For Sale' we believe there would be no duty to further inquire ... if the sign said 'For Sale—Call Auld or Lisk,' we believe there would be an inherent duty to inquire." *Id.* at 671.

Texas, and not Pennsylvania, law applies in this case. Texas law states that constructive possession such as through a fence, reputation, relatives, or, as in this case a sign proclaiming no adverse ownership, is not sufficient to constitute notice to an otherwise bona fide purchaser. *Strong v. Strong, supra; Derrett v. Britton,* 80 S.W. 562 (Tex.Civ.App.1904, writ ref'd); *League v. Buena Ventura Stock Co.,* 21 S.W. 307 (Tex.Civ.App.1893, no writ). The *Beck Builders* decision overlooked this point of the law of vendor and purchaser in its dicta regarding the sign.[2] The trustee is deemed to be without knowledge, thus actual physical possession or its equivalent, adverse to the record title, is the legal requirement to constitute notice to the Trustee under Code Section 544(a)(3). There being no genuine issue of material fact, the court holds that the Trustee has demonstrated bona fide purchaser status under Section 544(a)(3) of the Bankruptcy Code as a matter of law. Counsel for the Trustee is to submit an appropriate order.

---

**1.** *Accord William Carlisle & Co. v. King,* 133 S.W. 241 (Tex.1910).

**2.** Compare *In re Taylor,* 43 B.R. 524 (Bankr.N.D. Ala.1984) (must be visible change of possession); *In re Fry Bros. Co.,* 52 B.R. 169 (S.D.Ohio 1985) (open and notorious possession by tenant sufficient notice); *Matter of Steele,* 27 B.R. 474 (Bankr.W.D.Wis.1983) (possession must be inconsistent with record title).