

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-16-00275-CV

JANE DOE                                                    APPELLANT

V.

COLUMBIA NORTH HILLS                                         APPELLEES
HOSPITAL SUBSIDIARY, L.P.,
COLUMBIA NORTH TEXAS
SUBSIDIARY GP, LLC, AND
HCA HEALTH SERVICES OF
TEXAS, INC.

----------

### FROM THE 67TH DISTRICT COURT OF TARRANT COUNTY
### TRIAL COURT NO. 067-286449-16

----------

## OPINION

----------

## I. INTRODUCTION

A court cannot compel arbitration in the absence of a valid arbitration agreement, and a valid arbitration agreement cannot exist in the absence of employee notice and acceptance. *In re Dallas Peterbilt, Ltd., L.L.P.*, 196 S.W.3d

161, 162 (Tex. 2006); *In re AdvancePCS Health L.P.*, 172 S.W.3d 603, 605 (Tex. 2005). In this appeal from a final judgment confirming an arbitration award in favor of Appellees Columbia North Hills Hospital Subsidiary, L.P., Columbia North Texas Subsidiary GP, LLC, and HCA Health Services of Texas, Inc., Appellant Jane Doe argues in two issues that the trial court abused its discretion by compelling arbitration of her claims against Appellees because she had no notice of, nor did she accept, their binding arbitration policy. We conclude and hold that Doe did not have notice of Appellees' arbitration policy as a matter of law. We will reverse and remand.

## II. BACKGROUND

Appellees implemented a Mandatory Binding Arbitration Policy in 2006. It provides in relevant part that "both the employee and the [employer] agree to give up any right either of them might have to a jury or judge trial regarding any issue governed by the [Arbitration Policy]" and that "[a]ll disputes governed by the [Arbitration Policy] shall be submitted to final and binding arbitration." The Arbitration Policy covers claims for employment discrimination, retaliation, and negligence, among other things, and is expressly governed by the Federal Arbitration Act (FAA). Appellees' various employment policies, including the Arbitration Policy, are posted on their intranet website, called "Compliance 360." The policies are "available to all employees at all times" through the intranet site.

2

Columbia North Hills Hospital Subsidiary, L.P. (the Hospital) hired Doe as a part-time Multi-Skill Tech in August 2012.[1] Like all new employees, Doe participated in new employee orientation. During the orientation, Appellees informed Doe of their intranet site and instructed her that she was responsible for reviewing and familiarizing herself with any polices that were applicable to her employment. Doe signed an "ACKNOWLEDGEMENT OF RECEIPT OF POLICIES," which provided in relevant part as follows:

> *North Hills Hospital Policies can be found and printed from the online tool Compliance 360, which is available from the North Hills Hospital intranet website.* Copies of policies can also be obtained in departmental manuals, from your director, or from the Human Resources Department. While all policies are important, there are a few that we would like for you to pay particular attention to as you begin your employment at North Hills. These policies have been printed for you, and are attached to this cover sheet. Please read these policies. . . .
>
> . . . .
>
> I acknowledge that I have received copies of the policies listed below. It is my intention to read them and familiarize myself with them. *I also understand that I can access additional policies through Compliance 360*, departmental manuals, and the North Hills Hospital Employee Handbook.

---

[1]In both its verified denial and its motion to compel arbitration, Appellees averred that Doe was never employed by either the Hospital or by HCA Health Services of Texas, Inc. Appellees instead insisted, in both their answer and their motion to compel, that Doe was employed by Columbia North Texas Subsidiary GP, LLC. Now on appeal, and consistent with the arbitrator's written award, Appellees state that Doe was employed by the Hospital. The discrepancy has no bearing on our analysis, but we will proceed consistent with Appellees' latter position.

- Parking Policy
- Patient Safe Handling and Movement
- Tobacco and Smoke Free Environment Policy [Emphasis added.]

Doe also signed an acknowledgment of the following:

> I have been oriented to and/or provided materials to examine regarding safety, security and policies and procedures. I was provided an opportunity to ask questions during the orientation. *With my signature, I acknowledge my orientation to the above materials* and I understand my responsibility to familiarize myself with the orientation manual contents of North Hills Hospital. [Emphasis added.]

One of the "above materials" was "Problem solving/Grievance Procedures."

In October 2012, while at work, Doe was sexually assaulted by Gregory Andre Henderson, a registered nurse who was employed by an affiliate of HCA Health Services of Texas, Inc. but who sometimes worked at the Hospital.[2] Doe later sued Appellees and Henderson for sexual harassment, retaliation, and negligence arising out of the workplace sexual assault.[3]

Appellees moved to compel arbitration of Doe's claims, arguing that the Arbitration Policy is valid and covers Doe's claims. In addition to the Arbitration Policy and the two acknowledgements that Doe signed, Appellees attached the affidavit of Cynthia Dang, Vice President of Human Resources for Columbia

---

[2]The Hospital placed Doe on paid leave and arranged counseling for her. Police obtained an arrest warrant for Henderson, and his employer fired him.

[3]Doe alleged that the Hospital terminated her employment on April 30, 2013.

4

North Texas Subsidiary, GP, LLC.  Besides attesting that the Arbitration Policy is posted on Appellees' intranet site and available to employees, Dang stated,

3.  New employees to the Hospital are required to participate in a New Employee Orientation program which is coordinated by the Human Resources Department.  During this orientation program, new employees are made aware of the Hospital's Compliance 360 intranet site which contains all policies applicable to their employment, which include the Mandatory Binding Arbitration Policy.  New employees are instructed during the orientation program that they are responsible for reviewing and familiarizing themselves with all policies applicable to their employment, including those policies available on the Compliance 360 intranet site.

Doe opposed Appellees' motion, asserted several objections, and submitted her own affidavit, which stated in relevant part the following:

"I was employed by Defendants.  I never received any training or documentation regarding any policy of the Defendants requiring me to submit any legal claims I had against Defendants in binding arbitration.  No one referenced arbitration in my orientation when I began work with Defendants.

"At no point during my employment did Defendants inform me of an arbitration policy.

"I am 99% sure that Cynthia Dang did not attend my orientation with Defendants.

"I never signed an arbitration agreement with Defendants.

"I never agreed to submit any claims against Defendants to arbitration.

"I would like to pursue my claims in Court with an official judge.

The trial court overruled Doe's objections, compelled her claims to arbitration, and dismissed her claims against Appellees but not her claims against Henderson.

The parties proceeded to arbitration, the arbitrator made a written award in favor of Appellees, Doe moved to vacate the arbitration award, and Appellees moved to confirm the arbitration award. The trial court denied Doe's motion, granted Appellees' cross-motion, and signed a final judgment confirming the arbitration award and severing Doe's claims against Appellees into a new cause. Doe appeals. *See Chambers v. O'Quinn*, 242 S.W.3d 30, 32 (Tex. 2007) (explaining that orders compelling arbitration can be reviewed on appeal from final judgment).

### III. VALIDITY OF ARBITRATION POLICY

Doe does not dispute that her claims are covered by the Arbitration Policy or that the Arbitration Policy is governed by the FAA. Nor does she raise any issue involving the trial court's order denying her motion to vacate the arbitrator's award. Rather, in her first issue, Doe argues that the trial court erred by compelling her claims to arbitration because she had no notice of the Arbitration Policy, thus rendering it unenforceable. Doe contends that she did not sign the Arbitration Policy, that Appellees never discussed the Arbitration Policy during her new employee orientation, and that her written and signed acknowledgments do not evidence her notice of the Arbitration Policy. Directing us to Doe's

6

acknowledgments and Dang's affidavit, Appellees respond that Doe had sufficient notice of the Arbitration Policy.

## A. Standard of Review

We review a trial court's ruling on a motion to compel arbitration for an abuse of discretion, affording deference to the trial court's factual determinations but reviewing legal questions de novo. *In re Labatt Food Serv., L.P.*, 279 S.W.3d 640, 643 (Tex. 2009); *ReadyOne Indus., Inc. v. Flores*, 460 S.W.3d 656, 661 (Tex. App.—El Paso 2014, pet. denied). Whether a valid arbitration agreement exists is a question of law that we review de novo. *J.M. Davidson, Inc. v. Webster*, 128 S.W.3d 223, 227 (Tex. 2003).

## B. Compelling Arbitration

Texas procedure, which controls the determination of arbitrability, calls for the trial court to conduct a summary proceeding to determine whether to compel arbitration. *See Jack B. Anglin Co. v. Tipps*, 842 S.W.2d 266, 268–69 (Tex. 1992); *see also* Tex. Civ. Prac. & Rem. Code Ann. § 171.021(b) (West 2011). Similar to a motion for summary judgment, and subject to the same evidentiary standards, the party alleging an arbitration agreement must present summary proof that the dispute is subject to arbitration (through affidavits, pleadings, discovery, or stipulations), and the party resisting arbitration may contest the opponent's proof or present evidence supporting the elements of a defense to enforcement. *In re Jebbia*, 26 S.W.3d 753, 756–57 (Tex. App.—Houston [14th

7

Dist.] 2000, orig. proceeding); *see Jack B. Anglin Co.*, 842 S.W.2d at 269. Absent evidence raising a genuine issue of material fact—in which case the trial court must conduct an evidentiary hearing to resolve the factual dispute—the trial court may summarily determine whether to compel arbitration. *Jack B. Anglin Co.*, 842 S.W.2d at 269; *In re Estate of Guerrero*, 465 S.W.3d 693, 700 (Tex. App.—Houston [14th Dist.] 2015, pet. denied) (en banc).

A party seeking to compel arbitration under the FAA must establish a valid arbitration agreement. *AdvancePCS*, 172 S.W.3d at 605. Under Texas law, a valid arbitration agreement exists if the employee (1) received notice of the policy and (2) accepted it. *Dallas Peterbilt, Ltd.*, 196 S.W.3d at 162; *see In re Poly-Am., L.P.*, 262 S.W.3d 337, 347 (Tex. 2008) (explaining that an agreement to arbitrate is valid under the FAA if it meets the requirements of the general contract law of the applicable state). The strong presumption favoring arbitration does not apply when determining whether a valid arbitration agreement exists. *J.M. Davidson*, 128 S.W.3d at 227.

### C. Doe Did Not Have Notice of the Arbitration Policy

Appellees contend that Doe had notice of the Arbitration Policy because (1) they posted it on the Compliance 360 intranet site, (2) they informed Doe about the intranet site, (3) Doe acknowledged that she could access Appellees' "policies" on the intranet site, (4) they instructed Doe that she was responsible for reviewing and familiarizing herself with Appellees' "policies," and (5) Doe

8

acknowledged that she had received "orientation" on "Problem solving/Grievance Procedures." None of this evidence, considered individually or as a whole, *expressly* notified Doe of the Arbitration Policy. But then again, Appellees do not even argue as much. Quoting from *Champlin Oil & Refining Co. v. Chastain*, Appellees observe that "[m]eans of knowledge with the duty of using them are in equity equivalent to knowledge itself." 403 S.W.2d 376, 388 (Tex. 1965) (quoting *Hexter v. Pratt*, 10 S.W.2d 692, 693 (Tex. Comm'n App. 1928, judgm't adopted)). Appellees thus argue that the evidence *impliedly* notified Doe of the Arbitration Policy.

Actual notice can be express or implied.[4] *Westland Oil Dev. Corp. v. Gulf Oil Corp.*, 637 S.W.2d 903, 911 (Tex. 1982) (Wallace, J., dissenting). "In common parlance 'actual notice' generally consists in express information of a fact, but in law the term is more comprehensive." *Flack v. First Nat'l Bank of Dalhart*, 148 Tex. 495, 500, 226 S.W.2d 628, 632 (1950) (quoting *Hexter*, 10 S.W.2d at 693). "In law whatever fairly puts a person on inquiry is sufficient notice, where the means of knowledge are at hand, which if pursued by the proper inquiry the full truth might have been ascertained."[5] *Id.*; *see Shacket v. Philko Aviation, Inc.*, 841 F.2d 166, 171 (7th Cir. 1988) (reasoning that implied

---

[4]Notice may also be constructive, but constructive notice has no application here. *See Madison v. Gordon*, 39 S.W.3d 604, 606 (Tex. 2001).

[5]Other jurisdictions may refer to implied actual notice as inquiry notice. *See, e.g.*, *In re All Star Mortg. Fin. Corp.*, 411 B.R. 774, 780 (Bankr. S.D. Fla. 2009); *In re Spring Creek Invs. of Dallas, N.V., Inc.*, 71 B.R. 157, 159–60 (Bankr. N.D. Tex. 1987).

actual notice requires "(1) actual knowledge of (2) highly suspicious circumstances, coupled with (3) an unaccountable failure to react to them").

Importantly, notice may be implied only if the party sought to be charged with notice has a duty to make further inquiry. *See Flack*, 148 Tex. at 500, 226 S.W.2d at 632; *Exxon Corp. v. Raetzer*, 533 S.W.2d 842, 846 (Tex. Civ. App.—Corpus Christi 1976, writ ref'd n.r.e.). A duty to make further inquiry "extends only to those matters that are fairly suggested by the facts really known." *Exxon Corp.*, 533 S.W.2d at 847 (quoting 41 Tex. Jur. 2d, Notice, § 5 (1963)). Notice will not be implied when the circumstances may refer equally to some matter other than that with which a person is purportedly charged with having notice. *Id.*

None of the evidence that Appellees rely upon, considered individually or as a whole, impliedly notified Doe of the Arbitration Policy. We join the courts that have held that merely posting an arbitration policy on an intranet site is insufficient to give an employee notice. *See Goad v. St. David's Healthcare P'ship, L.P.*, 1-16-CV-044-RP, 2016 WL 2853573, at *3 (W.D. Tex. May 13, 2016) (reasoning similarly based on own facts); *HSS Sys., L.L.C. v. Lucan*, No. 03-10-00761-CV, 2011 WL 2297716, at *4 (Tex. App.—Austin June 9, 2011, no pet.) (mem. op.) ("[Appellant] does not cite to, nor could we find, any authority suggesting that the mere presence of a policy on the company intranet, without any further notification to the employee, amounted to notice of the policy."); *see also Big Bass Towing Co. v. Akin*, 409 S.W.3d 835, 842 (Tex. App.—Dallas

10

2013, no pet.) ("The fact that a document was 'available' for inspection does not demonstrate that Akin had notice of the document . . . .").

Appellees' informing Doe about the intranet site and Doe's acknowledging that she could access Appellees' "policies" fairly suggested that Appellees' "policies" (but not specifically the Arbitration Policy) were in electronic format and available for review by employees but not that Appellees had a binding arbitration policy. *See Exxon Corp.*, 533 S.W.2d at 847. Further, the Supreme Court of Alabama recently distinguished between an employee who *could* have accessed a web page containing an arbitration agreement and an employee who *actually* accessed a web page containing an arbitration agreement, holding that the latter, but not the former, had sufficient notice of an arbitration agreement. *See Moore-Dennis v. Franklin*, 201 So.3d 1131, 1144 (Ala. 2016). Appellees submitted no summary evidence that Doe actually accessed the intranet site.

Appellees' instructing Doe that she was responsible for familiarizing herself with Appellees' "policies" and Doe's acknowledging that she had received "orientation" on "Problem solving/Grievance Procedures" are closer calls but are still ultimately insufficient to demonstrate notice. A Texas federal district court recently considered whether an employee had notice of her employer's arbitration policy when she was (i) reminded of her obligation to review the employer's policies during online education and (ii) provided a summary that listed the policies, including one that said "Mandatory Binding Arbitration." *Goad*,

11

2016 WL 2853573, at \*4. The district court held that those facts were insufficient to notify the employee of the arbitration policy because "[a]bsent [was] any description of what the policy covers, or any other explanation of its terms."[6]  *Id.* In so holding, the district court simply applied well-established Texas law, which charges an employee with notice of an arbitration agreement if she has knowledge of both the terms of the policy and the certainty of their imposition. *See Hathaway v. Gen. Mills, Inc.*, 711 S.W.2d 227, 229 (Tex. 1986); *see also In re Dillard Dep't Stores, Inc.*, 198 S.W.3d 778, 780 (Tex. 2006) ("Notice is effective if it unequivocally communicates to the employee . . . the employment terms."); *cf. T.O. Stanley Boot Co., Inc. v. Bank of El Paso*, 847 S.W.2d 218, 221 (Tex. 1992) (requiring material terms to be agreed upon before contract is enforceable).  Other jurisdictions require the same.  *See, e.g.*, *Berkson v. Gogo LLC*, 97 F. Supp. 3d 359, 393 (E.D. N.Y. 2015) ("In making a determination about whether a prudent offeree was on inquiry notice of the terms of the contract, the '[c]larity and conspicuousness of [the] terms are important . . . .'") (citing *Specht v. Netscape Commc'ns Corp.*, 306 F.3d 17, 30 (2nd Cir. 2002) (applying California law)).

The same result is demanded here.  Notwithstanding that as a nonlawyer, Doe may have been oblivious to the fact that "Problem solving/Grievance Procedures" referred to the Arbitration Policy, conspicuously absent is any

---

[6]The district court cited the rule of implied actual notice earlier in its opinion. *Goad*, 2016 WL 2853573, at \*3.

reference to any of the Arbitration Policy's essential, unequivocal terms, thus precluding a determination that Doe had notice of the Arbitration Policy. *Compare Goad*, 2016 WL 2853573, at *4, *with Douglas v. Oceanview Healthcare, Inc.*, No. 3:15-CV-225, 2016 WL 4147244, at *4 (S.D. Tex. Aug. 2, 2016) (reasoning that employee was placed on inquiry notice because she signed acknowledgement clearly indicating that she had received copy of arbitration policy), *and AdvancePCS*, 172 S.W.3d at 605 (holding that plaintiffs had notice of arbitration agreement because defendants had sent them agreement that contained arbitration clause), *and Jones v. Fujitsui Network Commc'ns, Inc.*, 81 F. Supp. 2d 688, 692 (N.D. Tex. 1999) (reasoning that employee had notice of arbitration agreement that had been posted on employer's intranet and distributed to employee), *and Burlington N. R.R. Co. v. Akpan*, 943 S.W.2d 48, 51 (Tex. App.—Fort Worth 1996, no writ) (holding that employee had notice of arbitration agreement that he had received but failed to read or to remember).[7]

_____

[7]All the cases that Appellees cite in their lengthy footnote seven are therefore inapposite. So is *Rodgers-Glass v. Conroe Hosp. Corp.*, Civ. A. No. H-14-3300, 2015 WL 4190598 (S.D. Tex. July 10, 2015), which Appellees direct us to in the main text of their argument, because unlike in this case, whether a valid agreement to arbitrate existed there centered primarily around whether a particular entity could enforce the arbitration agreement against the plaintiff. *Id.* at *6–7. Insofar as it is any form of persuasive authority, it is distinguishable because unlike in this case, the employer discussed the arbitration policy during the employee's orientation. *Id.* at *1.

13

The trial court abused its discretion by compelling arbitration of Doe's claims against Appellees because Doe had no notice of the Arbitration Policy. We sustain her first issue. Having sustained Doe's first issue, we need not reach her second issue. *See* Tex. R. App. P. 47.1.

## IV. REMAND FOR EVIDENTIARY HEARING?

Appellees contend that if we find reversible error, we must remand for the trial court to conduct an evidentiary hearing because there is at least a factual dispute over whether the parties agreed to arbitration. Appellees are half right; remand is required, but an evidentiary hearing is not. Doe certainly disputed whether the facts relied upon by Appellees were sufficient to show notice, but she did not dispute their existence. Indeed, Doe did not dispute that Appellees had posted the Arbitration Policy on their intranet site, had informed her about the intranet site, or had instructed her that she was responsible for familiarizing herself with Appellees' "policies," nor did she dispute acknowledging that she could access Appellees' "policies" on the intranet site or that she had received "orientation" on "Problem solving/Grievance Procedures." Doe did aver that Appellees did not discuss the Arbitration Policy during orientation, but Appellees never asserted that they had done so, either in Dang's affidavit or by way of other evidence or argument on appeal. Consequently, as there is no fact issue to resolve, this cause is ripe for summary disposition, albeit the opposite disposition

14

reached by the trial court.  *See Jack B. Anglin Co.*, 842 S.W.2d at 269; *Guerrero*, 465 S.W.3d at 700.

## V. CONCLUSION

Having sustained Doe's first issue, we reverse the trial court's final judgment in favor of Appellees and remand this cause to the trial court.

/s/ Bill Meier
BILL MEIER
JUSTICE

PANEL:   WALKER and MEIER, JJ.; and CHARLES BLEIL (Senior Justice, Retired, Sitting by Assignment).

DELIVERED:  March 23, 2017